NEW ULM BUILDING CENTER, INC. v.
WILLMAR STUDTMANN AND OTHERS.
WILLIAM F. FORBROOK, INTERVENOR.

225 N. W. 2d 4.

November 1, 1974—No. 44417.

*Gault, MacKenzie, Gustafson & Litynski* and *W. M. Gustafson,* for appellants.

*Berens, Rodenberg & O'Connor* and *William T. O'Connor,* for respondent plaintiff.

*Raphael J. Miller,* for respondent intervenor.

Heard before Sheran, C. J., and Otis and Todd, JJ., and considered and decided by the court en banc.

OTIS, JUSTICE.

This is an appeal by the owner of property against which two mechanics liens have been ordered foreclosed. The trial court held that the charges made by the builder and by the building supplier were reasonable; that they were entitled to attorneys fees in the sum of $950 and $1,000, respectively; and that interest for 12 months should be included in the judgment. The respondents have sought review of the amount of interest allowed. We affirm as to the respondents' right to mechanics liens and reverse on the issues of attorneys fees and interest.

This case presents the typical and all too frequent dilemma facing owners and builders who undertake construction based on an estimate without maintaining close controls over the cost of extras. It appears without dispute that in the spring and summer of 1970, defendants, Willmar Studtmann and Lillian M. Studtmann, who were owners of property in Courtland, Minnesota, negotiated with respondent William Forbrook, a builder, to construct a home. Forbrook refused to enter a written contract for a sum certain but the parties agreed orally to proceed

with construction for a sum estimated by Forbrook to be $32,900.

The Studtmanns took Forbrook's plans and material list to respondent New Ulm Building Center, Inc., who agreed in writing to furnish all of the material for the sum of $11,385, plus a 3-percent sales tax. That agreement contained the following postscript: "If job runs less Owner will receive credit, but not any extra unless owner is notified."

1. It is undisputed that as the work progressed there were extensive changes and "extras" and that although Building Center furnished the Studtmanns with monthly statements of the cost of materials, no specific notice was given to them that these included extras. The Studtmanns were on the construction site almost daily.

Forbrook's original estimate for the cost of labor was $11,900. The amount he charged for extras was $7,246.15 or a total of $19,146.15. He filed a mechanics lien for $9,385.85. The trial court allowed him $6,300.20. The Studtmanns contend that the correct figure should be $2,150.

As to the Building Center, a lien of $11,653.97 was filed in addition to $9,000 already paid, or a total of $20,653.97. At trial the claim was reduced to $9,707.55, of which the court awarded Building Center $8,341.15. The Studtmanns concede that the Building Center is entitled to $3,773 for extras.

The Studtmanns argue that by the terms of their agreement with Building Center they cannot be held liable in the absence of prior notice of the extras. Although the language of that agreement is not altogether clear, there are two reasons for rejecting appellants' argument. First, the Studtmanns were fully aware of the fact that extras were being included as the work progressed and, in our opinion, have waived objection to incurring these expenses without written notice. Lundstrom Construction Co. v. Dygert, 254 Minn. 224, 233, 94 N. W. 2d 527, 534 (1959). More significant, however, is the fact that in the trial court the Studtmanns made the following concession in writing:

"Studtmann admits the following extras and places the following values on same based on the retail prices Building Center had on their delivery tickets to-wit:"

Items totaling $3,773 are then listed.

The Studtmanns further made this statement to the trial court:

"* * * Technically, we could logically and legally contend that Studtmann cannot be held liable for any extra that he wasn't either notified or ordered himself from Building Center. However, he is not taking this position and is willing to pay a reasonable price for true 'extras.' But such admission does not mean he is waiving the right to notice under the contract, and we so inform the Court."

While this concession is self-contradictory and expressly reserves the right to invoke the notice provision, we cannot escape the conclusion that the real issue in the case is whether the extra work done and extra materials furnished were in amounts which correctly reflected their value. The same may be said with respect to the Forbrook extras. In their brief, the Studtmanns state that at the trial they "admitted most of the extras as contended by Forbrook but disputed the value or cost placed on these extras by the Respondent Forbrook."

The case took 3 days to try, and the court and counsel scrutinized every item with meticulous care. Witnesses on both sides were subjected to vigorous cross-examination. The case was reduced to one of factfinding on the issues of what constituted extras not originally contemplated and whether the charges for such extras were reasonable. Viewed in this posture, "* * * [T]he function of this court is to consider the evidence in the light most favorable to the party prevailing below * * *." Brekken v. Holien, 289 Minn. 95, 97, 182 N. W. 2d 717, 719 (1970). We hold that there was adequate evidence to support the court's findings on the question of value of extras, and as to that issue we affirm.

2. Minn. St. 514.10 authorizes on foreclosure attorneys fees

in an amount not less than double those allowed under § 582.01. Although we have indicated that the trial court may be competent to fix attorneys fees without expert testimony, Tracy v. Perkins-Tracy Printing Co. 278 Minn. 159, 169, 153 N. W. 2d 241, 247 (1967), more recently in Obraske v. Woody, 294 Minn. 105, 109, 199 N. W. 2d 429, 432 (1972), we held:

"* * * [R]easonable attorneys' fees may be awarded within the discretion of the trial judge, exercised after due consideration of the evidence presented on the question and of his own observation of services rendered. If no evidence whatever is presented on the subject, the trial court should then refer to § 514.10 as a guide to the fees to be awarded."

In the instant case, without any testimony on the reasonable value of attorneys fees, the court allowed Forbrook the sum of $950 and the Building Center the sum of $1,000. Although the Studtmanns assert that the statute is unconstitutional, they gave no notice to the attorney general of their intent to attack the statute and consequently we decline to pass on that issue.

Apparently, the amount of attorneys fees was not challenged by the Studtmanns in the trial court. It is with some reluctance, therefore, that we address ourselves to that issue. Nevertheless, in the light of the rule we adopted in the Obraske case, we are constrained to hold that applying the formula set forth in § 582.01 as a guide, the attorneys fees allowed the Building Center should be reduced to $600 and those allowed Forbrook reduced to $500.

3. Finally, respondents Forbrook and New Ulm Building Center, Inc., challenge the propriety of the court's limiting interest to a period of 1 year from the time it began to run. We agree that if the amounts reached by the trial court were thus limited, they should be recomputed to permit interest from the date the notice of the filing of the liens was served until the date of payment.

Affirmed in part and reversed in part.

No costs shall be allowed either party.