**BLOOMINGTON ELECTRIC COMPANY, Respondent,**

v.

**FREEMAN'S, INC., et al., Appellants.**

No. CX-86-603.

Court of Appeals of Minnesota.

Oct. 21, 1986.

Review Denied Dec. 17, 1986.

Heidi S. Schellhas, Carlsen, Greiner & Law, Edina, for respondent.

Raymond A. Hayward, Dorsey & Whitney, Minneapolis, for appellants.

Heard, considered and decided by FORSBERG, P.J., and FOLEY and LANSING, JJ.

## OPINION

FORSBERG, Judge.

This appeal is from a foreclosure of a mechanic's lien and an award of attorney's fees. The trial court hearing the matter without a jury determined that respondent had substantially completed performance of the contract and had filed the mechanic's lien within 90 days of the last day of work. The court awarded respondent Bloomington a mechanic's lien and judgment, both in the amount of $23,135.76, which included $11,150.00 in attorney's fees. We affirm the finding of substantial performance and modify the award of attorney's fees.

## FACTS

In November of 1981, Freeman's, Inc. ("Freeman's") awarded an electrical subcontract to Bloomington Electric ("Bloom-ington") in connection with a project known as Willow Grove Condominiums. The contract was based on a bid submitted by Bloomington in August of 1981. The bid was submitted based on instructions to bidders, and plans and specifications of the condominium project provided by Freeman's.

After the contract was executed, but prior to completion of the project, a dispute arose as to whether the contract covered the wiring of various condominium unit thermostats, the wiring of controls for 12 boilers, and the grounding and wiring of two circulating motors for a swimming pool.

Bloomington performed the work in connection with the swimming pool, charging it as extra work not included in the original bid or contract price, done at the request of Freeman's. Bloomington did not wire the unit thermostats or the controls for the boilers. Freeman's hired other electrical subcontractors to perform that work.

Bloomington completed the work in December of 1982, and submitted a bill for $21,022.33; $12,583.00 in retainage for materials and labor provided under the subcontract and $8,439.33 for extra work in connection with the swimming pool. Freeman's refused to pay anything as "extra work" and asserted a right to setoff for amounts paid other electrical subcontractors for wiring the unit thermostats and controls for the boilers.

On February 22, 1983, Bloomington commenced a mechanic's lien foreclosure action against Freeman's for a total amount of $21,022.33. On May 20, 1983, Bloomington executed a partial satisfaction of the mechanic's lien in favor of Freeman's in consideration of Freeman's partial payment of the indebtedness in the amount of $10,-561.30, exclusive of interest. The remaining principal indebtedness secured by Bloomington's lien was $10,461.30.

The trial court, sitting without a jury, determined there was a valid mechanic's lien and awarded Bloomington judgment in

the sum of $23,135.76, including $11,150.00 in attorney's fees.

## ISSUES

1. Did the trial court err in determining that respondent's mechanic's lien was timely filed in accordance with Minn.Stat. § 514.08, subd. 1?

2. Did the trial court err in determining respondent had completed substantial performance of the contract?

3. Did the trial court err in awarding respondent attorney's fees in the amount of $11,150.00?

## ANALYSIS

### I.

Under the mechanic's lien law, a lien claimant must file its statement within 90 days from the last day of work, skill, material or machinery provided. Minn. Stat. § 514.08, subd. 1 (1985).[1] Proof of timeliness of filing is an essential element of a mechanic's lien claim, and the statute is strictly construed as to whether the lien attaches. *Dolder v. Griffin*, 323 N.W.2d 773, 780 (Minn.1982). Appellant argues that respondent failed to meet its burden of showing that the lien was timely filed because no evidence was presented to support such a finding.

The lien statement, which provided a legal description of the property, the fact of recording the notice, and the date of the last work furnished, was read into the record by respondent, and admitted into evidence. Testimony by Freeman's refuting the date on the lien statement was limited to one witness, the project superintendent, who gave conflicting testimony on this issue. While stating that he observed the last day of work to be October 13, 1982, he also admitted billing Bloomington for clean-up into January of 1983. While the witness proffered an explanation for the factual disparity, the trial court could reasonably have believed the last day of work

was as stated in the lien statement. In addition, the trial court made a specific finding of fact on this issue, and it was argued extensively on both sides in the parties' briefs. *Cf. Lesmeister v. Dilly*, 330 N.W.2d 95 (Minn.1983) (evidence insufficient to support grant of lien where no evidence was submitted to support purported last day of work and evidence refuting was substantial).

The scope of review of a case tried by the trial court sitting without a jury is limited to determining whether the trial court's findings were clearly erroneous or whether it erred in its legal conclusions. *Leininger v. Anderson*, 255 N.W.2d 22, 26 (Minn.1977). In this case, there was adequate evidence to support the trial court's determination that the lien was timely filed.

### II.

Based on oral testimony regarding the parties' written contract, the trial court determined that respondent had substantially performed the contract. The trial court heard testimony from both parties regarding their interpretations of specific contract language. The testimony was conflicting as to customs in the trade, regular operations of bidders and bidding, interpretations of drawings and plans, and conversations between the parties concerning requirements under the contract.

Where evidence is partly oral and partly written, and the written evidence does not render credibility of oral testimony extremely doubtful, the appellate court should defer to the trial court's assessment of the evidence unless clearly erroneous. *In Re Trust Known as Great Northern Iron Ore Properties*, 308 Minn. 221, 225–26, 243 N.W.2d 302, 305–06, *cert. den. sub. nom., Arms v. Watson*, 429 U.S. 1001, 97 S.Ct. 530, 50 L.Ed.2d 612 (1976). Here, although the evidence regarding requirements under the contract was disputed, the trial court could reasonably have accepted

---

1. At the time the lien in question was filed, the 90-day filing period applied. The statute was amended in 1983, to provide for a 120-day period.

respondent Bloomington's interpretation of the contract.

### III.

 In an action to foreclose a mechanic's lien, reasonable attorney's fees may be awarded within the discretion of the trial judge, after due consideration of the evidence presented on the subject and after the judge's assessment of services rendered. *New Ulm Building Center, Inc. v. Studtmann,* 302 Minn. 14, 225 N.W.2d 4 (1974). In awarding attorney's fees, many factors should be considered including the time and effort required, value of the interest involved, and results secured at trial. *Jadwin v. Kasal,* 318 N.W.2d 844, 848 (Minn.1982). While the trial court is granted broad discretion in determining the amount of attorney's fees, the award must be made with caution to avoid discouraging valid claims. The amount of the award should be in reasonable relation to the amount of the judgment secured. *Asp v. O'Brien,* 277 N.W.2d 382, 385 (Minn.1979).

In *Asp,* the trial court awarded a lien in the amount of $4,359.46 and attorney's fees of $2,400. In reducing the award of attorney's fees to $1,000, the Supreme Court stated:

> Although we do not believe that the fees awarded were excessive, either in terms of the number of hours billed or the amount charged per hour, we are not inclined to allow the award of the full amount, particularly where the amount of the lien recovered is small in comparison to the attorney's fees assessed. This is especially true in a case such as this where the property owner was successful in partially limiting the amount of recovery.

*Id.* at 385.

 In this case, the original lien amount was $21,022.33. Partial satisfaction having been secured prior to trial and appellant having successfully offset the lien amount by $579.39, the amount secured at trial was approximately $12,000. The attorney's fees award of $11,150.00 is nearly equal to this amount. Following the

reasoning of *Asp* and the policy of not discouraging valid lien claims, it is clear that the award of attorney's fees in this case was excessive. The amount of attorney's fees is therefore reduced to $5,000.00.

### DECISION

The trial court did not err in determining that there was a valid mechanic's lien and that respondent contractors had completed substantial performance. The award of attorney's fees was excessive and is reduced accordingly.

Affirmed as modified.