**In re the Marriage of Carol H. AMATUZIO, Petitioner, Appellant,**

v.

**Albert J. AMATUZIO, Respondent.**

**No. C2-88-2186.**

Court of Appeals of Minnesota.

Nov. 22, 1988.

Robert E. Mathias, Duluth, for petitioner, appellant.

Sandra E. Butterworth, Robert H. Magie, III, Duluth, for respondent.

Considered at Special Term and decided by WOZNIAK, C.J., and PARKER and SHORT, JJ., without oral argument.

SPECIAL TERM OPINION

WOZNIAK, Chief Judge.

## FACTS

The parties' marriage was dissolved by judgment entered September 28, 1988. On October 11 respondent filed a motion for amended findings which was scheduled for hearing on October 27. On October 18 appellant filed this appeal seeking review of the September 28 judgment. Respondent also filed a notice of review, challenging portions of the same judgment. Respondent moves this court to remand the appeal so the trial court may rule on the pending motion.

## DECISION

■ Generally, upon the filing of an appeal the trial court loses jurisdiction to amend or modify matters at issue on appeal, or necessarily involved in the appeal. *Spaeth v. City of Plymouth,* 344 N.W.2d 815, 824 (Minn.1984); *Gummow v. Gummow,* 356 N.W.2d 426, 428 (Minn.Ct.App. 1984). Since the appeal and notice of review in this case were filed before decision on the motion for amended findings, the trial court has lost jurisdiction to amend the judgment or modify matters challenged on appeal.[1] *Id.*

■ Respondent moves to remand this matter so the trial court may resolve his motion. The rules of civil appellate procedure do not authorize this court to summarily dismiss *appellant's* appeal for the sole purpose of conferring jurisdiction on the trial court to adjudicate *respondent's* motion for amended findings.

Appellant's appeal from the September 28 judgment is authorized by Minn.R.Civ. App.P. 103.03(a). Since appellant has not moved for a new trial, this court's scope of review is limited to whether the evidence sustains the findings and whether the findings sustain the conclusions of law and judgment. *Gruenhagen v. Larson,* 310 Minn. 454, 458, 246 N.W.2d 565, 569 (1976).

The issues raised in appellant's statement of the case fall within this limited scope of review.

■ Although we find insufficient grounds to dismiss the appeal and remand, we take this opportunity to encourage parties to file carefully drafted post-trial motions. Where a trial has been held, counsel should move for a new trial and specifically identify the alleged errors and grounds for the motion under Minn.R.Civ.P. 59.01. Issues concerning evidentiary rulings, trial procedure and jury instructions are not reviewable unless a party sought a new trial and assigned those matters as error. *Sauter v. Wasemiller,* 389 N.W.2d 200 (Minn. 1986); *see also Schaust v. Town Board of Hollywood Township,* 295 Minn. 571, 572, 204 N.W.2d 646, 648 (1973).

This court has observed numerous problems with post-trial motions, including (a) poorly drafted motions which fail to identify any specific errors or grounds for a new trial, (b) motions which only request amended findings, and (c) motions for a new trial where there has been no trial.

■ A motion which does not adequately identify the alleged errors fails to alert the trial court to those errors, that if amended or corrected could alleviate the need for an appeal. Furthermore, if a motion for a new trial fails to identify specific grounds, the order denying the motion must be affirmed on appeal. *In re Estate of Williams v. Allen,* 217 Minn. 634, 13 N.W. 2d 736 (1944).

■ If a party only moves for amended findings and fails to make a motion for a new trial, an order denying the motion is not appealable. *Kempf v. Kempf,* 287 Minn. 529, 177 N.W.2d 40 (1970). Thus, a party may be "forced" to appeal from the judgment within 90 days of entry, even though the motion has not been decided, since an order denying the motion will not be independently appealable. (In this case, respondent only moved for amended findings, and there is no guarantee the motion

---

1. This court has not been provided with a copy of respondent's motion for amended finding and therefore it is unclear which findings were challenged in the motion. We gather the motion raised the same matters as respondent's notice of review.

would be resolved before expiration of the time to appeal the September 28 judgment.)

Whenever a trial has been held, post-trial motions should include a motion for a new trial with specific assignments of error, parties then need not appeal from the judgment before resolution of the motion because an order denying the motion will be appealable pursuant to Minn.R.Civ.App.P. 103.03(d). However, if there has not been a trial, a motion for a "new" trial is inappropriate and an order denying the motion will not be appealable. *Parson v. Argue,* 344 N.W.2d 431 (Minn.Ct.App.1984). If appropriate, parties may request a stay of entry of judgment to provide the trial court sufficient time to resolve all post-trial motions before expiration of the time to appeal the judgment. *See* Minn.R.Civ.P. 58.-02.

If post-trial motions are pending, parties should avoid filing an appeal, where possible, before resolution of the motions. If the time to appeal the original judgment is not about to expire, the trial court should be allowed an opportunity to review its actions first and resolve the motions. Although it is unclear why the appellant here immediately appealed from the judgment and failed to file any post-trial motion, she apparently recognizes the limited scope of review, which will be afforded on appeal, and has not agreed to voluntary dismissal of the appeal.

Motion to remand appeal denied.