**Barry A. WALDNER, Respondent,**

v.

**Dr. Bruce W. PETERSON, Appellant.**

**No. C7–89–1660.**

Court of Appeals of Minnesota.

October 31, 1989.

John E. Mack, New London, for appellant.

M. Barry Darval, Willmar, for respondent.

Considered at Special Term and decided by WOZNIAK, C.J., and PARKER and CRIPPEN, JJ., without oral argument.

## OPINION

WOZNIAK, Chief Judge.

Respondent Waldner brought a conciliation court action against appellant Peterson. Peterson counterclaimed and removed the case to the district court. The trial court ordered judgment entered in Waldner's favor.

Judgment was entered May 19, 1989. Peterson timely moved for a new trial; his motion was denied. This appeal from the judgment and the order denying Peterson's motion for a new trial was filed September 14, 1989. Peterson seeks to raise the following issues:

(a) Was the chiropractor's notice of rights sufficient to allow recovery from a patient pursuant to statute?

(b) Is the chiropractor entitled to recover in quantum meruit for work actually performed?

(c) In order to save the constitutionality of the statute, is it necessary to interpret it in such a manner that it does not interfere with the obligation of contract between a chiropractor and his patient?

## DECISION

An appeal from a judgment must be brought within 90 days after entry of judgment. Minn.R.Civ.App.P. 104.01. Judgment in this case was entered May 19, 1989. This appeal was filed September 18, 1989, after the time to appeal the judgment expired.

On appeal from the denial of a motion for a new trial, only those matters specifically alleged in the motion to constitute error may be reviewed. *Schaust v. Town Board of Hollywood Township*, 295 Minn. 571, 572, 204 N.W.2d 646, 648 (1973); *Iverson v. Iverson*, 432 N.W.2d 492, 493 (Minn.Ct.App.1988). The grounds alleged in Peterson's motion for a new trial were:

"1. Errors of fact and law prejudicial to defendant.

2. The decision is not justified by the evidence, and is contrary to law."

The purpose of a motion for a new trial is to allow the trial court an opportunity to correct its own errors without subjecting the parties and the appellate courts to the time, inconvenience and expense involved in an appeal. *Sauter v. Wasemiller*, 389 N.W.2d 200, 202 (Minn.1986). A motion which does not adequately identify alleged errors does not alert the trial court to those errors which, if corrected, could alleviate the need for an appeal. *Amatuzio v. Amatuzio*, 431 N.W.2d 588, 589 (Minn.Ct.App.1988).

Appellant's motion for a new trial failed to identify any specific grounds which would justify a new trial. A motion for a new trial which fails to identify specific grounds must be affirmed on appeal. *Id.*

The requirement that a motion for a new trial specify alleged errors allows a more considered decision by the trial court and more effective appellate review. *Sauter*, 389 N.W.2d at 202. Appellant's motion failed to present anything for the trial court's consideration and has preserved no issues for appeal.

Peterson seeks to raise an issue regarding the constitutionality of Minn. Stat. §§ 62C.01–62C.23 (1988). This court's review is necessarily limited to issues which the record establishes were actually raised in, and decided by, the trial court. *Thayer v. American Financial Advisors, Inc.*, 322 N.W.2d 599, 604 (Minn.1982). There is no indication, either in the original order for judgment or in the order denying a motion for a new trial, that the trial court ever passed on the constitutionality question, and it is not properly before this court.

When the constitutionality of a statute is questioned in any appellate proceeding to which the state is not a party, the party asserting the unconstitutionality of the statute must notify the attorney general within time to allow an opportunity to intervene. Minn.R.Civ.App.P. 144. Where notice is not given to the attorney general, the Minnesota Supreme Court has declined to pass on the question of constitutionality of a statute. *See New Ulm Building Center Inc. v. Studtmann*, 302 Minn. 14, 18, 225 N.W.2d 4, 6 (1974).

Appeal dismissed.