**In the Matter of Alona Aisha AHMEN.**

No. C0–97–508.

Court of Appeals of Minnesota.

June 24, 1997.

William L.H. Lubov, Law Office of William Lubov, Minneapolis, for appellant Ahmen.

Michael O. Freeman, Hennepin County Attorney, Carolyn A. Peterson, Gayle C. Hendley, Assistant County Attorneys, Minneapolis, for respondent.

Considered and decided by PARKER, P.J., TOUSSAINT, C.J., and HARTEN, J.

## OPINION

HARTEN, Judge.

Appellant Alona Aisha Ahmen appeals her indeterminate mentally ill and dangerous commitment to the Minnesota Correctional Facility for Women at Shakopee, arguing that the district court unlawfully indeterminately committed her directly to a correctional facility. We reverse and remand.

## FACTS

Ahmen has a long history of mental illness and several instances of violent behavior. In 1990, she hit her cousin on the head with a baseball bat, causing a wound that required 18 stitches. In April 1993, Ahmen pleaded guilty to the July 1992 stabbing death of her mother and was sentenced to serve 20 years in prison. The plea agreement included the condition that the state would petition for her commitment as mentally ill and dangerous.

In July 1995, Ahmen was transferred to the prison mental health unit because she exhibited delusional, paranoid behavior after her medications were discontinued (she refused to resume taking them). When her behavior continued to deteriorate, a petition was filed to commit her as mentally ill and dangerous. After a hearing, the district court initially committed Ahmen to the Minnesota Security Hospital as mentally ill and dangerous.

A petition was also filed seeking authority to treat Ahmen involuntarily with neuroleptic medication. After a *Jarvis* hearing, the district court granted the security hospital such authority.

At the review hearing, the security hospital psychologist testified that Ahmen is diagnosed with schizoaffective disorder, currently in partial remission. When Ahmen first arrived after being transferred from prison, she exhibited paranoid ideation; was agitated, angry, and hostile; and threatened to kill staff members. The medication that Ahmen has been taking pursuant to the *Jarvis* order is effective in treating her symptoms, but she still exhibits residual paranoid symptomatology requiring ongoing psychiatric care.

Given her improved condition, the security hospital is no longer an appropriate facility for Ahmen. The psychologist explained that Ahmen continues to require treatment but it is unlikely that she would take her medication voluntarily. Based on her clinical history and diagnosis, she will then likely relapse into a psychotic state and cause harm. The psychologist believed that her current threats to kill if she were returned to prison appear to be motivated by her desire to avoid prison and do not result from a psychosis.

The district court made Ahmen's commitment as mentally ill and dangerous indeterminate and found that the least restrictive environment available to meet her treatment and security needs was the Minnesota Correctional Facility for Women at Shakopee. This appeal followed. Respondent did not file a brief; accordingly, we proceed pursuant to Minn. R. Civ.App. P. 142.03.

## ISSUE

Was the district court authorized under Minn.Stat. § 253B.18, subd. 3 (1996), to com-

mit a patient indeterminately as mentally ill and dangerous directly to a correctional facility?

## ANALYSIS

Ahmen argues that the district court had no authority to commit her indeterminately to a correctional facility as mentally ill and dangerous [1]. This issue presents a question of law. *See Hibbing Educ. Ass'n v. Public Employment Relations Bd.,* 369 N.W.2d 527, 529 (Minn.1985) (construction of statute is question of law).

For an *initial commitment* as mentally ill and dangerous, the court shall commit the patient "to the Minnesota Security Hospital, a regional center designated by the commissioner or to a treatment facility." Minn.Stat. § 253B.18, subd. 1 (1996). The section addressing *indeterminate commitment* does not, however, specifically indicate the place of commitment:

> If the court finds at the hearing held pursuant to subdivision 2 that the patient continues to be mentally ill and dangerous, then the court shall order commitment of the proposed patient for an indeterminate period of time. Subsequent to a final determination that a patient is mentally ill and dangerous to the public, the patient shall be transferred, provisionally discharged or discharged, *only as provided in this section.*

Minn.Stat. § 253B.18, subd. 3 (1996) (emphasis added). An indeterminate commitment requires placement at the least restrictive facility. *In re Schauer,* 450 N.W.2d 194, 198 (Minn.App.1990); Minn. R. Civ. Commitment 12.06.

In statutory provisions regarding other types of commitment, there is specific authorization to commit a person to a correctional facility. Minn.Stat. § 253B.185, subd. 2(b) (1996) (explicitly providing that if person committed as a sexual psychopathic personality or a sexually dangerous person is also under a commitment to the commissioner of corrections, the person shall first serve sentence at facility designated by commissioner of corrections); Minn.Stat. § 241.69, subd. 4 (1996) (explicitly providing incarcerated person may be committed as "mentally ill" to a prison psychiatric unit or another hospital, but no provision relating to commitment as "mentally ill and dangerous").

No such authorization is present in section 253B.18, subd. 3. Further, subdivision 3 indicates that after a final determination, transfer shall occur only as "in this section." Because subdivision 3 does not specify the facilities at which a patient committed indeterminately as mentally ill and dangerous may be placed, we conclude that a district court should follow subdivision 1 of section 253B.18 and order indeterminate commitment of such patient to the Minnesota Security Hospital, a regional center designated by the commissioner, or a treatment facility. Minn.Stat. § 253B.18, subd. 1. Under our construction of the statute, the district court was not authorized to commit Ahmen directly to the correctional facility.

Once the patient is indeterminately committed, the special review board procedures govern any transfer. Minn.Stat. § 253B.18, subd. 3; *see* Minn.Stat. § 253B.18, subd. 6 (provisions for special review board transfer of person indeterminately committed as mentally ill and dangerous from security hospital). A special review board is specifically authorized to transfer a patient who is also committed to the commissioner of corrections to a correctional facility. *Id.*

## DECISION

The decision of the district court committing Ahmen to the correctional facility is reversed, and the matter is remanded for further proceedings consistent with this opinion.

**Reversed and remanded.**

---

1. This court became aware of an April 22, 1997 order in which the district court changed Ahmen's commitment from the correctional facility to the Minnesota Security Hospital. By then, however, the notice of appeal had been filed and the district court no longer had jurisdiction to amend matters at issue on appeal. *Amatuzio v. Amatuzio,* 431 N.W.2d 588, 589 (Minn.App. 1988), *review denied* (Minn. July 27, 1989).