**NORTHFIELD CARE CENTER, INC., Respondent,**

v.

**David ANDERSON, Appellant.**

**No. A04–2491.**

Court of Appeals of Minnesota.

Jan. 17, 2006.

Robert F. Rode, Voigt, Jensen & Klegon, LLC, St. Paul, MN, for respondent.

Michael C. Mahoney, Mahoney & Emerson, Ltd., Wayzata, MN, for appellant.

Considered and decided by KLAPHAKE, Presiding Judge; HALBROOKS, Judge; and WRIGHT, Judge.

## OPINION

HALBROOKS, Judge.

Appellant challenges the district court's grant of summary judgment for respondent. Appellant argues that pursuant to Minn.Stat. § 144.6501, subd. 4(d) (2004), he cannot be personally liable for amounts owing as a result of his mother's stay at respondent's facility. In addition, appellant contends that the district court erred in awarding respondent attorney fees in excess of the recovery amount. Because the district court did not err in its conclusion that appellant is liable for respondent's costs under Minn.Stat. § 144.6501, subd. 4(d), and the district court acted within its discretion in awarding attorney fees pursuant to the terms of the admissions agreement, we affirm on those issues. But because appellant has personal liability for the costs under Minn.Stat. § 144.6501, subd. 4(d), only to the extent "the resident's income or assets were misapplied," we remand for the district court's determination of whether appellant misapplied his mother's income and direct the district court on remand to clarify that appellant is liable for the attorney fees in his capacity as his mother's attorney-in-fact—but not personally—absent a finding of bad faith under Minn.Stat. § 523.21 (2004).

## FACTS

Appellant David Anderson served as attorney-in-fact for his mother, Frances Anderson. Appellant and Mrs. Anderson agreed that she would reside at respondent Northfield Care Center, a nursing home facility. Both appellant and Mrs. Anderson signed respondent's admissions contract. Although not required by the terms of the contract, appellant signed the contract both as Mrs. Anderson's legal representative and as a responsible party.

Under section 9.2 of the "CERTIFICATIONS" section of the contract, appellant and Mrs. Anderson agreed that she was "liable for payment of all sums under this Agreement." Because Mrs. Anderson received medical assistance from Rice County Social Services, the county determined her spend-down amount and advised Mrs. Anderson and appellant of the amount that Mrs. Anderson owed respondent each month. It is undisputed that appellant, as his mother's attorney-in-fact, had control of and access to her income and assets throughout her stay in respondent's facility. It is further undisputed that neither Mrs. Anderson nor appellant paid the entire amount that was due and owing to respondent, thereby creating a past-due balance.

Mrs. Anderson resided in respondent's facility from January 12, 2001, to March 30, 2003. After Mrs. Anderson passed away, respondent attempted to collect the past-due amount ($3,838.33) from appellant. But appellant refused to pay it, prompting respondent to bring an action in conciliation court. The conciliation court ordered judgment for respondent, and appellant challenged the decision by removing the matter to district court. After failed attempts to settle or mediate the dispute, the parties brought cross-motions for summary judgment. The district court granted respondent's motion for summary judgment, awarding the balance due plus interest.

The district court also granted respondent's motion for an award of its collection costs, including attorney fees, as provided for in the admissions contract. Respondent provided an affidavit to the district court that contained billing statements of the individuals who worked on the case with their hourly rates, the number of hours that they worked on the case, a description of the work done, and the rea-

sons why the amount sought was reasonable. The district court gave appellant the opportunity to respond to the billing data, and appellant filed a memorandum challenging the summary judgment ruling—with the same arguments currently before this court—and challenging the attorney fees sought by respondent. The district court found that respondent's request for fees was reasonable and awarded respondent costs and fees totaling $14,265.62. This appeal follows.

## ISSUES

1. Did the district court err in interpreting the law and finding that respondent is entitled to judgment as a matter of law?

2. Did the district court abuse its discretion in awarding respondent costs and attorney fees in the amount of $14,265.62?

## ANALYSIS

■ "On appeal from summary judgment, we ask two questions: (1) whether there are any genuine issues of material fact and (2) whether the [district] court[ ] erred in [its] application of the law." *State by Cooper v. French*, 460 N.W.2d 2, 4 (Minn.1990). The reviewing court must "view the evidence in the light most favorable to the nonmoving party." *Denelsbeck v. Wells Fargo & Co.*, 666 N.W.2d 339, 345 (Minn.2003).

> [T]here is no genuine issue of material fact for trial when the nonmoving party presents evidence which merely creates a metaphysical doubt as to a factual issue and which is not sufficiently probative with respect to an essential element of the nonmoving party's case to permit reasonable persons to draw different conclusions.

*DLH, Inc. v. Russ*, 566 N.W.2d 60, 71 (Minn.1997). "[T]he party resisting summary judgment must do more than rest on mere averments." *Id.* If there are no genuine issues of material fact, this court will review the district court's application of law de novo. *Hubred v. Control Data Corp.*, 442 N.W.2d 308, 310 (Minn.1989).

1. **Did the district court err in interpreting the law and finding that respondent is entitled to judgment as a matter of law?**

Appellant concedes that (1) he signed the admissions contract as a responsible party, (2) the contract obligated him to use his mother's income to pay for her stay at respondent's facility, (3) there is a past-due balance, and (4) he has not paid it. The question remaining is whether, under Minnesota law, the contract and appellant's obligation as a responsible party are valid, and if so, whether respondent is entitled to judgment as a matter of law.

A. **Did the district court err in interpreting the law?**

■ The Minnesota responsible-party statute allows an individual to be personally liable for a resident's nursing-home costs under certain circumstances:

> A person who desires to assume financial responsibility for the resident's care may contract with the facility to do so. A person other than the resident or a financially responsible spouse who signs an admission contract must not be required by the facility to assume personal financial liability for the resident's care. However, if the responsible party has signed the admission contract and fails to make timely payment of the facility obligation, or knowingly fails to spend down the resident's assets appropriately for the purpose of obtaining medical assistance, then the responsible party shall be liable to the facility for the resident's costs of care which are not paid for by

medical assistance. *A responsible party shall be personally liable only to the extent the resident's income or assets were misapplied.*

Minn.Stat. § 144.6501, subd. 4(d) (2004) (emphasis added). Thus, if a person chooses to be a "responsible party" and personally guarantee payment for a resident's costs, he may do so. *Id.*

Here, under the admissions contract, a "responsible party," is defined as someone who "[d]esires to act for Resident with respect to certain duties and obligations.... The Responsible Party has access to the Resident's income and assets and agrees to apply the Resident's income and assets to pay for the Resident's care." The admissions contract allows, but does not require as a condition for admission, that an individual commit to being a responsible party. Because the option of being a responsible party is voluntary and not a condition of an individual's admission into a nursing facility, the Minnesota statute is clear, and the district court did not err in interpreting the law.

**B. Did the district court err in finding that respondent was entitled to judgment as a matter of law?**

Having determined that the district court properly interpreted the law, the remaining issue is whether the district court properly applied the undisputed facts to the law. Those undisputed facts are: (1) that appellant signed his mother's admissions contract admitting her into respondent's facility as her legal representative; (2) that appellant also signed the admissions contract as a responsible party; (3) that the admissions contract required payments from the resident's income each month to offset Medicaid payments; (4) that throughout this time appellant had control of, and access to, Mrs. Anderson's income; (5) that appellant, at times, failed to make full payments; and (6) that the admissions contract states that failure to make timely payments shall result in personal liability for the responsible party. Consequently, the district court determined that respondent was entitled to judgment as a matter of law.

Appellant challenges this ruling because the district court did not find that he misapplied his mother's income. The statute governing the liability of responsible parties provides that "[a] responsible party shall be personally liable only to the extent the resident's income or assets were misapplied." Minn.Stat. § 144.6501, subd. 4(d). The district court found that because appellant failed to make timely payments, as the contract required him as the responsible party to do, he was liable for the past-due amount. But the district court did not make a finding as to whether appellant misapplied Mrs. Anderson's income.

Thus, because it is not clear from the record whether appellant, as a responsible party, is personally liable or whether Mrs. Anderson's estate is liable for the past due balance, we remand for the district court's determination of that issue.

**2. Did the district court abuse its discretion in awarding respondent attorney fees in the amount of $14,265.62?**

Generally, "attorney fees are not recoverable in litigation unless there is a specific contract permitting or a statute authorizing such recovery." *Barr/Nelson, Inc. v. Tonto's, Inc.,* 336 N.W.2d 46, 53 (Minn.1983). "On review, this court will not reverse a [district] court's award or denial of attorney fees absent an abuse of discretion." *Becker v. Alloy Hardfacing & Eng'g Co.,* 401 N.W.2d 655, 661 (Minn. 1987). The reasonable value of counsel's work is a question of fact, and we must

uphold the district court's findings on that issue unless they are clearly erroneous. *Amerman v. Lakeland Dev. Corp.,* 295 Minn. 536, 537, 203 N.W.2d 400, 400–01 (1973).

Because the admissions contract authorized collection costs—including reasonable attorney fees—in the case of past-due balances, the district court found that the agreement was unambiguous and ordered judgment against appellant for respondent's attorney fees and costs totaling $14,265.62. The district court's order does not address whether the award of attorney fees and costs is against appellant personally or in his capacity as his mother's responsible party or attorney-in-fact.

Appellant contends that the district court abused its discretion by awarding costs and attorney fees that exceed the past-due amount of $3,838.33. In addition, appellant raised the issue of whether the district court abused its discretion in holding appellant personally liable for attorney fees when his role was as his mother's legal representative.

## A. Reasonableness

■ The test for determining the reasonableness of attorney fees is "[t]he time and labor required; the nature and difficulty of the responsibility assumed; the amount involved and the results obtained; the fees customarily charged for similar legal services; the experience, reputation, and ability of counsel; and the fee arrangement existing between counsel and the client." *State by Head v. Paulson,* 290 Minn. 371, 373, 188 N.W.2d 424, 426 (1971).

Although some courts have taken into consideration the recovery amount when determining reasonable attorney fees, *Asp v. O'Brien,* 277 N.W.2d 382, 385 (Minn. 1979), *Bloomington Elec. Co. v. Freeman's, Inc.,* 394 N.W.2d 605, 608 (Minn.App.1986), *review denied* (Minn. Dec. 17, 1986), that is

not always the case. *See Liess v. Lindemyer,* 354 N.W.2d 556, 558 (Minn.App. 1984) (quoting *Bryant v. TRW,* 689 F.2d 72, 80 (6th Cir.1982) ("The fact that the attorney's fees in this case, $13,705, exceeded plaintiff's actual damages, $8,000, does not argue for a reduction of the former.")).

■ Here, respondent's attorney submitted an affidavit containing billing statements of the individuals who worked on this case, their hourly billing rates, the number of hours worked on this case, and why the amounts are reasonable. The district court allowed appellant to respond to that information.

The district court reviewed the billing sheets submitted by respondent and found that the fees were reasonable, based on the level of experience and expertise of the individuals working on the case and "the pleadings, the number of hearings and appearances and the nature of the claims, defenses and counterclaims." Because the admissions contract provided for recoupment of collection costs and because the district court's findings on the reasonableness of the amount are not clearly erroneous, the district court acted within its discretion in awarding respondent its fees and costs.

## B. Personal liability

The district court awarded respondent attorney fees against appellant, but did not specify whether appellant was personally liable or liable only in his capacity as the responsible party or resident's attorney-in-fact. At oral argument appellant asserted that the admissions contract does not provide for responsible parties being held liable for attorney fees.

■ The contractual provision states: "4.2 *Collection costs.* The Resident will pay the Facility for any collection costs on

past due amounts payable pursuant to this Agreement, including reasonable attorneys' fees." Thus, the provision is silent as to a responsible party's liability for collection costs. Therefore, appellant is not personally liable for respondent's attorney fees as a result of his role as the responsible party.

But that does not end our analysis. Appellant signed the contract in two roles: as the responsible party and as his mother's legal representative. Thus, we must determine whether appellant is liable for attorney fees arising out of his role as Mrs. Anderson's attorney-in-fact.

An attorney-in-fact is an agent, one who stands in the shoes of a principal. *Black's Law Dictionary* 1191 (7th ed.1999). Thus, an attorney-in-fact is not typically personally liable for his actions because he is not acting in his personal capacity. *See* Minn.Stat. § 523.21 (2004). But the statute does provide for personal liability of attorneys-in-fact in certain circumstances. *Id.* It states:

> In exercising any power conferred by the power of attorney, the attorney-in-fact shall exercise the power in the same manner as an ordinarily prudent person of discretion and intelligence would exercise in the management of the person's own affairs and shall have the interests of the principal utmost in mind. *The attorney-in-fact is personally liable to any person, including the principal, who is injured by an action taken by the attorney-in-fact in bad faith under the power of attorney.*

*Id.* (emphasis added). Therefore, an attorney-in-fact can incur personal liability for attorney fees, but not without a finding of bad faith.

The district court did not analyze the issue of attorney fees under this statute, so it is unclear whether appellant is personally liable for respondent's attorney fees. If the district court finds that appellant acted in bad faith in his role as his mother's attorney-in-fact, then he may incur personal liability for respondent's attorney fees, under the admissions contract and the statute. But if the district court does not find that appellant acted in bad faith, only Mrs. Anderson's estate is liable for respondent's attorney fees.

Although the district court's findings regarding the value of counsel's work were not clearly erroneous, we remand for additional findings regarding the scope of appellant's liability.

## DECISION

Because the district court properly interpreted the law and found that the Minnesota responsible-party statute is applicable, we affirm. But because the district court failed to determine whether appellant misapplied his mother's income, thereby incurring personal liability for her nursing-home costs, we remand for a determination on that issue. Also, because appellant cannot be held personally liable for respondent's attorney fees in his role as the responsible party and because there is no finding that appellant acted in bad faith as his mother's attorney-in-fact, it is unclear whether the district court intended that appellant be personally liable or whether Mrs. Anderson's estate is liable for the attorney-fees award, and so we remand on that issue.

**Affirmed in part and remanded.**