JULIUS JENSEN v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.

TAUTGES & WILDER, APPELLANTS.[1]

June 27, 1924.

No. 24,004.

**Judgment debtor not proper party to appeal of attorneys on question of fees.**

1. The defendant, against whom a judgment was recovered in an action by a father for an injury to his minor child, is not a proper party to the appeal of plaintiff's attorneys from an order fixing the fees to be paid to them out of the money received by the father in satisfaction of the judgment.

**Minor not bound when his guardians were not parties to proceeding.**

2. General guardians for the minor were appointed after the order was entered and were not parties to the proceeding to determine the amount of the attorneys' fees. Although they have been made parties to the appeal, the minor cannot be bound by any judgment · which might be given upon the appeal.

**Court not concluded by affidavit of attorneys in fixing their fees.**

3. The application upon which the order was entered was based on an affidavit referring to a contingent fee contract the attorneys had with the father and stating that the amount to be paid under the contract was the reasonable value of their services. Although there were no counter affidavits, in determining the reasonable value of the attorneys' services, the court was at liberty to consider facts disclosed by the record in the trial of the case, as well as the facts stated in the affidavit.

[1]Reported in 199 N. W. 579.

**Defendant not chargeable with interest on judgment until bond is filed.**

  4. The defendant stood ready to pay the judgment at all times after it was entered, but the father did not furnish the bond required by section 7681, G. S. 1913, until some time later. Under these circumstances defendant was not chargeable with interest on the judgment prior to the approval and filing of the bond, and section 7913, G. S. 1913, providing for the deposit in certain cases of the amount of the judgment, was without application.

After the former appeal reported in 156 Minn. 218, 194 N. W. 620, judgment was entered in the district court for Freeborn county for $8,723.36 in favor of plaintiff, and a transcript of the judgment for costs in the supreme court in favor of plaintiff was filed in the district court. Thereafter Tautges & Wilder made the application mentioned in the second paragraph of the opinion. The matter was heard by Peterson, J., who allowed Tautges & Wilder $2,000 as attorneys' fees and $254.68 for their expenses. From that part of his order which disallowed the claim for a contingent fee of one-third of the amount recovered and from that part of his order which required plaintiff to satisfy judgments upon payment to him of the sum of $8,778.11, and disallowing plaintiff 6 per cent interest on the judgments from the time of their entry, plaintiff and his attorneys took separate appeals. Defendant's motion to dismiss the appeal of the attorneys was granted. Order affirmed upon plaintiff's appeal.

*Tautges & Wilder*, pro se.

*F. W. Root, C. O. Newcomb, A. C. Erdall* and *Henry A. Morgan*, for respondent.

LEES, C.

This case was here before and is reported in 156 Minn. 218, 194 N. W. 620. After it was remanded to the district court the defendant issued a voucher-check for $8,770.11, payable to plaintiff, and deposited it with the clerk of the district court with $8 in currency. The judgment in the district court was entered on July 17, 1923, and amounted to $8,778.11 when the deposit was made. At that

time plaintiff had not yet given the bond required by section 7681, G. S. 1913.

On August 29 his attorneys applied to the court for an order directing the plaintiff to pay to them $2,844.14 out of the money he would receive on the judgment, claiming that amount as their fees, and in addition $245.68 for expenses they had paid. The ground of their application was that prior to the commencement of the action plaintiff had entered into a contract with them to pay one-third of the amount recovered as compensation for their services, and that their services were reasonably worth the amount demanded. Plaintiff admitted the contract and expressed his willingness to pay the sum he had agreed to pay.

On October 27 the court made an order which fixed the amount of plaintiff's bond at $10,000, directed that upon the approval of the bond defendant should pay to plaintiff, as father of the injured minor, the sum of $8,778.11, and, when such payment was made, he should satisfy the judgment and pay the attorneys $254.68 to reimburse them for expenses, $2,000 as fees, that amount being found to be the fair and reasonable value of their services. The order also provided that if at a later date a general guardian should be appointed for the minor and should qualify, the sum of $6,414.64, belonging to the minor after the payment of the attorneys' fees and expenses, should be paid to such guardian for the minor's use and benefit. It seems that thereafter William Nelson and Alfred Clausen were appointed and qualified as general guardians to represent him prior to the time of their appointment.

Two appeals from the order have been taken, one by the plaintiff and the other by his attorneys. The notices of appeal are directed to the attorneys for the defendant, to the minor and to his general guardians.

1. The defendant moves for a dismissal of the attorneys' appeal. Manifestly it is not concerned in a controversy over fees between the minor and the attorneys by whom he was represented. The order does not enlarge or diminish its liability under the judgment. It merely provides for the distribution of the money defendant is required to pay by virtue of the judgment. The motion to dismiss must be granted.

2. The minor on the one hand and the attorneys on the other are the real parties in interest, so far as there is any controversy over the amount of the attorneys' fees. The general guardians were not parties to the proceeding to determine the amount. They were not represented in this court at the hearing of the appeal. When they were appointed and qualified, it became their duty to appear for and represent their ward in the proceeding. Section 7446, G. S. 1913. They have had no opportunity to be heard in the district court. The record does not show that they have been substituted for plaintiff as the representatives of the minor. Under these circumstances this court is not at liberty to affect adversely the pecuniary interests of the minor by its judgment.

It is urged that the consent of the father to pay according to the terms of his contract deprived the court of power to reduce the fees of the attorneys, in the absence of a showing that they were unreasonable. This is a question upon which there seems to be some difference of opinion among the courts. It is dealt with in Plummer v. Northern Pacific Ry. Co. 98 Wash. 67, 167 Pac. 73, 7 A. L. R. 104, and the cases are collected and summarized in the note. We refrain from expressing our views, for the reason that the district court was invited to pass upon the reasonableness of the compensation for which the contract provided. The application expressly states that the services were reasonably worth the amount stipulated.

3. The nature of the services is described and their value stated in the affidavit of one of the attorneys. There were no counter affidavits, but the judge of the court in which the action was tried had some knowledge of the character of the litigation and of the value of the services rendered. The court was not bound to grant the application merely because it was not opposed. Facts disclosed by the record in the case might be considered in determining the reasonable value of the services. That portion of the order which disposes of this issue, insofar as it relates to the minor and the attorneys, is affirmed.

4. The question of interest upon the judgment is involved in plaintiff's appeal from the order and is properly before us. In the memorandum appended to the order the court said:

"The judgment herein was entered July 17, 1923. On July 25, 1923, defendant railway company issued and presented to the court its draft or vouchers in the full sum of $8,778.11 and ever since said time said drafts have been ready for delivery upon the satisfaction of said judgment. Messrs. Tautges & Wilder asked time to prepare a petition for presentation herein before this order was made, which hearing was delayed from time to time on the motion of said Tautges & Wilder until October 20, 1923. The delay in the delivery of said vouchers has been caused by said attorneys and said judgment should not draw interest from its entry as payment in full has been available since July 25, 1923."

Section 7681, G. S. 1913, provides that, before a parent shall receive any money in satisfaction of any judgment obtained in an action for the injury of his minor child, he shall file a bond as security therefor in such form and with such sureties as the court shall prescribe and approve.

The evident purpose of the statute is to protect the child against loss of the amount recovered after the judgment is collected by the parent. We construe the statute to mean that the parent cannot demand payment of the judgment or enforce it by execution until he has given the required bond. If the defendant should pay the judgment before the bond is given and take a satisfaction from the parent, it would be at the risk of having the satisfaction set aside and the judgment reinstated upon the application of the minor through a general guardian in case the parent misappropriated the money. Furnishing the bond is a condition precedent to the parent's right to collect the judgment, and a defendant who stands ready at all times after the judgment is entered to pay it, and so informs the plaintiff or his attorneys, ought not to be charged with interest, when the only reason for delay in making the payment is the plaintiff's failure to furnish the required bond.

In this connection it is urged that under such circumstances, if a defendant would stop the running of interest, he should deposit in court the money required to pay the judgment as provided by section 7913, G. S. 1913.

As construed in Brown v. Canadian North. Ry. Co. 154 Minn. 38, 191 N. W. 259, the statute does not apply to such a case as this. Plaintiff was a resident of Freeborn county, where the judgment was entered and docketed. An officer or agent of the defendant company could not truthfully make an affidavit that plaintiff could not be found. Plaintiff was the person authorized to receive payment and give a satisfaction of the judgment on the giving of the prescribed bond. The statute does not cover a case where the person to whom the judgment should be paid is known and can be found, but must do a certain act before he can collect the judgment. Under such circumstances the clerk's satisfaction of the judgment would be unauthorized.

For the reasons we have set forth, the motion to dismiss the appeal taken by plaintiff's attorneys is granted, and the order is affirmed upon the appeal taken by the plaintiff.