STATE, BY DOUGLAS M. HEAD, ATTORNEY GENERAL, v. REUBEN PAULSON AND OTHERS.

188 N. W. (2d) 424.

June 18, 1971—No. 42742.

---

[2] Cf. Hunt v. Nevada State Bank, 285 Minn. 77, 92, 101, 172 N. W. (2d) 292, 302, 307, certiorari denied, 397 U. S. 1010, 90 S. Ct. 1239, 25 L. ed. (2d) 423.

*Ray G. Palmer,* for appellants.

*Warren Spannaus,* Attorney General, *Eric B. Schultz,* Deputy Attorney General, and *Jerry H. Ketola,* Special Assistant Attorney General, for respondent.

Heard before Knutson, C. J., and Rogosheske, Peterson, Kelly, and Rolloff, JJ.

ROGOSHESKE, JUSTICE.

Defendants appeal from an order denying their motion for amended findings or in the alternative to take additional testimony following an order allowing expenses and attorneys' fees upon the state's discontinuance of condemnation proceedings to take for highway use lands owned by defendants. The dispositive question presented is whether, upon the record submitted, the trial court's finding of the reasonable value of the legal services is clearly erroneous. Rule 52.01, Rules of Civil Procedure. We hold that it is not.

After a commissioners' award of $90,000 to defendants for the taking of a portion of their lands, the state dismissed proceedings against them. In such cases, Minn. St. 117.16 authorizes a landowner's recovery of "reasonable costs and expenses including fees of counsel." By postdismissal motion, defendants sought recovery of $10,000 attorneys' fees plus $5,253.66 costs and expenses. Following a hearing, not transcribed, the court allowed $3,500 attorneys' fees and $2,066.16 costs and expenses. Upon defendants' motion for amended findings or a new trial, a second hearing was afforded. At the hearings, it was established that defendants had agreed to pay counsel a contingent fee of 10 percent of the commissioners' award, if acceptable. Also at the second hearing, affidavits supporting defendants' claim for $10,000 attorneys' fees were submitted. At the conclusion of the second hearing, the court requested a statement from defendants' counsel itemizing the services performed and "a breakdown * * *

on a time basis." Upon being furnished with a summary of services, but without an "hourly breakdown," the court calculated that no more than 60 hours of time were expended and reaffirmed the allowances initially made, detailing the factual basis therefor in an explanatory memorandum made a part of the order.

Where, as authorized by statute, counsel fees are to be assessed against the adverse party in a proceeding before the court, what constitutes the reasonable value of the legal services is a question of fact to be determined by the evidence submitted, the facts disclosed by the record of the proceedings, and the court's own knowledge of the case. Jensen v. Chicago, M. & St. P. Ry. Co. 160 Minn. 122, 199 N. W. 579; Tracy v. Perkins-Tracy Printing Co. 278 Minn. 159, 153 N. W. (2d) 241. Absent any statutory limitations, allowances should be made with due regard for all relevant circumstances, including the time and labor required; the nature and difficulty of the responsibility assumed; the amount involved and the results obtained; the fees customarily charged for similar legal services; the experience, reputation, and ability of counsel; and the fee arrangement existing between counsel and the client. Hempel v. Hempel, 225 Minn. 287, 30 N. W. (2d) 594. See, also, Code of Professional Responsibility (adopted August 4, 1970, 286 Minn. ix) EC 2-18 and DR 2-106.

Rule 52.01, Rules of Civil Procedure, provides that, upon review of findings made by a court sitting without a jury, the trial court's determination "shall not be set aside unless clearly erroneous." The rule states the broadest scope of review exercised by an appellate court for, even though there be evidence to support factual findings, this court may order a reversal if, upon reviewing the entire evidence, we are left with a firm conviction that a mistake has been made. Minneapolis Van & Warehouse Co. v. St. Paul Terminal Warehouse Co. 288 Minn. 294, 180 N. W. (2d) 175.

Without detailing the evidence supporting the trial court's order, we conclude that the amounts allowed for attorneys' fees

as well as for costs and expenses are supported by substantial evidence, and we are not persuaded that the amount allowed for counsel's fees was arbitrarily fixed upon a consideration of the time expended alone. The brief record submitted fairly reflects that the court properly did not regard the contingent fee arrangement as the most controlling factor, as urged by defendants, but considered it along with all other relevant factors, including counsel's reputation and standing, in determining the value of the legal services.

Affirmed.