**Sharon LIESS, Appellant,**

v.

**Norma G. LINDEMYER, Respondent,**

**Frank Kreiser Real Estate, Inc., Respondent.**

**No. C1–84–873.**

Court of Appeals of Minnesota.

Sept. 11, 1984.

Allen H. Gibas, Gibas, Richey & Dube, Minneapolis, for appellant.

Richard Koch, Fredrikson & Byron, Minneapolis, for Lindemyer.

Kathleen Hughes, Minneapolis, for Frank Kreiser Real Estate, Inc.

Considered and decided by HUSPENI, P.J., and NIERENGARTEN and RANDALL, JJ., with oral argument waived.

## OPINION

HUSPENI, Judge.

Liess appeals the court's award of attorney's fees under the Minnesota private attorney general statute. The court awarded Liess $2,500 in attorney's fees though she had requested $12,801.13. We remand for reconsideration.

## FACTS

Liess sued Lindemyer and Frank Kreiser Real Estate (Kreiser) for fraud in connection with the sale of Lindemyer's home to her in 1979. Liess sought $6,779.40 in damages. After a five-day trial, the jury found fraud by special verdict and awarded Liess $6,787—$6,482 attributable to the conduct of Kreiser, and $305 attributable to the conduct of Lindemyer. In addition, Liess was awarded $339.12 for costs and disbursements.

Within a few weeks of the verdict, Liess moved for reasonable attorney's fees before the judge who presided at the trial. Attorney's fees are authorized under Minnesota's private attorney general statute:

[A]ny person injured by a violation of any of the laws referred to in subdivision 1 may bring a civil action and recover damages, together with costs and disbursements, including costs of investigation and reasonable attorney's fees * * *

Minn.Stat. § 8.31, subd. 3a (1982). Among the laws to which section 8.31, subd. 1 referred is the Minnesota prevention of consumer fraud act which states:

The act, use, or employment by any person of any fraud * * * with the intent that others rely thereon in connection with the sale of any merchandise, * * * is enjoinable as provided herein.

Minn.Stat. § 325F.69, subd. 1 (1982). Real estate is "merchandise" for purposes of the Act. Minn.Stat. § 325F.68, subd. 2 (1982).

The court determined that "the jury verdict clearly supported a finding that the defendants violated the prevention of consumer fraud act," entitling Liess to attorney's fees. The court considered factors enumerated in *State v. Paulson*, 290 Minn. 371, 188 N.W.2d 424 (1971), to determine the size of the award. Liess presented a detailed accounting of her attorney's fees amounting to $12,801.13. The court relied on its own knowledge of the case and its awareness "that contingent fee arrangements are commonly used in suits for damages, and that such contingent fees are most commonly set at an amount equal to one-third of the recovery" to conclude that $2,500 was a reasonable fee.

## ISSUE

Did the court err by awarding fees under the private attorney general statute without considering its underlying purpose?

## ANALYSIS

Ordinarily it would be sufficient for a court to base its award of attorney's fees upon consideration of:

all relevant circumstances, including the time and labor required; the nature and difficulty of the responsibility assumed; the amount involved and the results obtained; the fees customarily charged for similar legal services; the experience, reputation, and ability of counsel; and

the fee arrangement existing between counsel and the client.

*State v. Paulson,* 290 Minn. 371, 373, 188 N.W.2d 424, 426 (1971). Clearly, the court did consider those factors set forth in *Paulson,* but did not discuss special factors related to recoveries under the attorney general statute. As the court properly determined, a one-third contingency fee is customary in damage suits. However, hourly fees also are a recognized basis for recovery under private attorney general statutes in conjunction with consumer protection laws. In *Bryant v. TRW, Inc.,* 689 F.2d 72 (6th Cir.1982), the plaintiff recovered $8,000 in damages under the Federal Credit Reporting Act and was awarded $13,705 attorney's fees. *Bryant* reasoned:

> The fact that the attorney's fees in this case, $13,705, exceeded plaintiff's actual damages, $8,000, does not argue for a reduction of the former. The fees were calculated on the basis of an hourly rate, but defendant contends that the purpose of the FCRA's allowance for attorney's fees could be as efficaciously achieved by calculating fees on the basis of a contingent fee.
>
> We reject this contention because we believe that the policies informing the Civil Rights Attorney's Fee Award Act of 1976, 42 U.S.C. § 1988, which led this court in *Northcross [v. Board of Ed. of Memphis,* 611 F.2d 624 (6th Cir.1979) ] to "conclude that a fee calculated in terms of hours of service provided is the fairest and most manageable approach," 611 F.2d at 636, apply with equal force to the FCRA. In a recent housing discrimination case, this court observed:
>
> > The purpose of Section 1988 is to encourage lawyers to accept civil rights cases in which damages may be small, nominal, or non-existent. *Northcross* has the effect of guaranteeing that a lawyer will be awarded fees for all of his hours reasonably spent in presenting the issues on which his side prevailed. Greatly reduced fees, such as were awarded in this case, will discourage lawyers from accepting housing discrimination cases and vindicating

the rights Congress had in mind. Another reason for following *Northcross* is the need for consistency in determining attorney fees.

*Id.* at 80. See also, *James v. Home Const. Co. of Mobile,* 689 F.2d 1357 (11th Cir. 1982).

It is widely recognized that a dual purpose underlies private attorney general statutes: The award should eliminate financial barriers to the vindication of a plaintiff's rights, *Seattle School Dist. No. 1 v. State of Wash.,* 633 F.2d 1338 (9th Cir.1980), and the award should provide incentive for counsel to act as private attorney general, *Page v. Preisser,* 468 F.Supp. 399 (D.Iowa 1979). Moreover, an award must take into account the degree to which the public interest is advanced by the suit, *Martin v. Hancock,* 466 F.Supp. 454 (D.Minn.1979). Otherwise, "every artful counsel could dress up his dog bite case" to come under an attorney's fees statute. *Boland v. City of Rapid City,* 315 N.W.2d 496, 503 (S.D.1982). In addition to the *Paulson* factors, these are appropriate considerations in setting a fee under Minn. Stat. § 8.31, subd. 3a.

## DECISION

The record must reflect that the attorney's fees award was arrived at after consideration of both the factors set forth in *State v. Paulson* and the policies that support the Minnesota private attorney general statute. The court's award of attorney's fees is vacated and remanded for reconsideration consistent with this opinion.

Remanded.