COUNTY OF SCOTT, Respondent,

v.

Terry D. JOHNSTON and Donald W. Johnston, Trustees of the Terry D. Johnston Rev. Trust of 2006 under Agreement dated September 14, 2006 and the Donald W. Johnston Revocable Trust of 2006 under Agreement dated September 14, 2006, Appellants, Stephen F. Kes, Defendant.

No. A13–0535.

Court of Appeals of Minnesota.

Dec. 30, 2013.

Patrick J. Ciliberto, Scott County Attorney, Susan K. McNellis, Assistant County Attorney, Shakopee, MN, for respondent.

Dan Biersdorf, Ryan Simatic, Biersdorf & Associates, P.A., Minneapolis, MN, for appellants.

Considered and decided by STONEBURNER, Presiding Judge; HUDSON, Judge; and HOOTEN, Judge.

## OPINION

STONEBURNER, Judge.

Appellants, landowners who are entitled to an award of attorney fees and other related expenses in the underlying eminent-domain proceeding, challenge the district court's reduction of requested attorney and appraisal fees, arguing that, as a matter of law, the district court is preclud-

ed from considering the amount involved and results obtained in its determination of the reasonableness of the requested fees. Appellants also argue that the district court's findings of fact are clearly erroneous.

## FACTS

Respondent County of Scott (the county) offered appellants Terry D. Johnston, et al.[1] (the Johnstons), $123,700 for property owned by the Johnstons (the property). The Johnstons rejected the offer, and the county brought a "quick-take," eminent-domain action under Minn.Stat. § 117.042 (2012) to acquire the property for uses related to extension of a county highway. The district court granted the petition and appointed condemnation commissioners to determine the amount of damages that the Johnstons would sustain as a result of the taking.

The commissioners conducted hearings, viewed the property, and ultimately issued a damages award in the total amount of $220,000. The commissioners did not make any findings of fact relating to the determination of damages, and there is no transcript of the commissioners' proceedings. Neither the county nor the Johnstons appealed the commissioners' award, and it became final.

Because the final award was more than 40 percent greater than the county's last written offer prior to the filing of the condemnation petition, the Johnstons

moved for an award of reasonable attorney fees, litigation expenses, appraisal fees, and other fees and related costs under Minn.Stat. § 117.031.[2] The motion was supported by the affidavit of the Johnstons' attorney, Dan Biersdorf, attesting to his expertise in eminent-domain litigation and setting out the amounts requested for attorney fees and other related expenses. Biersdorf attached to his affidavit the following supporting exhibits: (1) a copy of the representation agreement between Biersdorf's law firm and the Johnstons; (2) a summary of the hours billed by the law firm, supporting the assertion in the affidavit that the Johnstons incurred attorney fees in the amount of $40,217.50; (3) an invoice from Shenahon Company for appraisal and expert-witness fees in the amount of $30,592.03; (4) an invoice from MFRA, Inc., for expert planning services totaling $5,672; (5) billing records of Hosch Appraisal & Consulting, Inc., for an appraisal in the amount of $2,766.25; and (6) an exhibit detailing other related costs including postage and copying, which totaled $1,431.14. The Johnstons also sought interest from the date the county took possession until the date of payment.

The county opposed the motion, arguing that reasonable attorney fees for the condemnation proceeding should be limited to $32,100, representing one-third of the amount by which the commissioners' award exceeded the county's last offer. The county also contested the other litigation expenses as unreasonable, based on

---

1. Terry D. Johnston and Donald W. Johnston, Trustees of the Terry D. Johnston Revocable Trust of 2006 under Agreement dated September 14, 2006, and the Donald W. Johnston Revocable Trust of 2006 under Agreement dated September 14, 2006.

2. Minn.Stat. § 117.031(a) states in relevant part:
   If the final judgment or award for damages, as determined at any level in the eminent domain process, is more than 40 percent greater than the last written offer of compensation made by the condemning authority prior to the filing of the petition, the court shall award the owner reasonable attorney fees, litigation expenses, appraisal fees, other experts['] fees, and other related costs in addition to other compensation and fees authorized by this chapter.

the county's assertion of what occurred at the commissioners' proceedings. The county did not submit any affidavits, exhibits, or other evidence rebutting the evidence submitted by the Johnstons. The county's arguments were based entirely on facts asserted in its memorandum opposing the Johnstons' motion for an award of fees and costs.

The county alleged that, at a commissioners' hearing, the county had increased its damages estimate to $135,000 and that the Johnstons were claiming $1,740,325, based on the testimony of an appraiser and their expert planner about the development potential of the property. The county asserted that, at a commissioners' hearing, the Prior Lake city planner "raised many serious questions ... regarding [the Johnstons'] development plan for this agriculturally zoned property ... [and] ... told the commissioners that ... it would be a great surprise if the development plan submitted by [the Johnstons] was allowed." The county argued in its memorandum that expenses incurred in pursuing a commercial-development strategy and the appraisal based on that strategy should not be compensated because "the commissioners obviously rejected [commercial development of the property] as unrealistic." The county's memorandum contained a great deal of detail about what evidence was presented at the commissioners' hearings and argued that a comparison of the amount involved and the results obtained makes the fees and expenses incurred by the Johnstons unreasonable. The county also asserted in its memorandum that "the fee[ ] customarily charged for similar legal services" is "one-fourth to one-third of the amount obtained beyond the condemner's last offer before filing a condemnation petition." The memorandum stated that this assertion is based on the experience of the assistant county at-torney who drafted the memorandum, but the assertion was not made in affidavit form.

The district court considered the relevant factors established by caselaw for determining the reasonableness of attorney fees, accepting as true the assertions in Biersdorf's affidavit and exhibits about the amount of attorney fees and expenses actually incurred by the Johnstons, as well as all of the factual assertions contained in the county's memorandum of law. The district court found, in relevant part, that (1) the plan developed by professionals for the Johnstons was not realistic for the property; (2) the commissioners' determination of damages "was far closer to the County's estimate" than to the Johnstons' requested amount; (3) the court of appeals has noted that the typical method for setting attorney fees in condemnation cases is a contingent fee; (4) Biersdorf is an experienced and well-regarded attorney in the field of eminent-domain law; and (5) the Johnstons incurred $40,217.50 in attorney fees, based on hourly rates set out in the representation agreement, and incurred all of the other claimed expenses and costs asserted in Biersdorf's affidavit. The district court concluded that some of the amounts requested by the Johnstons "must be reduced," stating that it would be unjust to require the county to pay the expenses actually incurred by the Johnstons "given the fact that the final award was far closer to [the county's] estimate" than to the Johnstons' claim. The district court awarded attorney fees in the amount of one-third of the difference between the county's final offer and the commissioners' damages award and awarded only one-half of the fees incurred for Shenahon Company's appraisal and expert testimony and MFRA's planning study, "in view of the results that were obtained in this matter."

The district court awarded the remaining fees and expenses incurred "in full."[3] This appeal followed.

## ISSUES

I. When an award of reasonable attorney and related fees and expenses is mandatory in an eminent-domain proceeding under Minn.Stat. § 117.031(a), is the district court precluded from considering the difference between the amount sought by the property owner and the final amount awarded as a factor in determining the reasonableness of the fees and expenses requested?

II. Are the district court's factual findings relating to the reasonableness of attorney fees clearly erroneous because they are unsupported by any evidence in the record?

## ANALYSIS

### I. Standard of review

■ "We will not reverse the district court's decision on attorney fees absent an abuse of discretion." *Carlson v. SALA Architects, Inc.*, 732 N.W.2d 324, 331 (Minn.App.2007), *review denied* (Minn. Aug. 21, 2007). The reasonable value of counsel's work, however, is a question of fact, and we uphold the district court's findings on that issue unless they are clearly erroneous. *Amerman v. Lakeland Dev. Corp.*, 295 Minn. 536, 537, 203 N.W.2d 400, 400–01 (1973). "When the material facts are not in dispute, we review the [district] court's application of the law de novo." *In re Collier*, 726 N.W.2d 799, 803 (Minn.2007).

### II. Entitlement to an award of reasonable attorney fees and related expenses under Minn.Stat. § 117.031(a) does not preclude a district court from comparing the difference between the damages claimed by an owner and the damages offered by the condemning authority to the amount of the final award as one factor in determining the reasonableness of attorney fees.

■ Long-standing caselaw establishes that in determining the reasonableness of attorney fees in a condemnation case, the district court should consider: (1) the time and labor required; (2) the nature and difficulty of responsibility assumed; (3) the amount involved and the result obtained; (4) the fee customarily charged for similar legal services; (5) the experience, reputation, and ability of counsel; (6) the fee arrangement existing between counsel and the client. *State by Head v. Paulson*, 290 Minn. 371, 373, 188 N.W.2d 424, 426 (1971). But the Johnstons argue that, as a matter of law, when a condemnee qualifies for an award of fees and expenses under Minn. Stat. § 117.031(a), the amount involved and the results obtained are *per se* reasonable, and no further inquiry is required or permitted. The Johnstons cite *City of Devils Lake v. Davis*, 480 N.W.2d 720 (N.D.1992), as persuasive support for the assertion that a comparison of the difference between the damages sought by the owner and the condemning authority's offer to the amount of the final award in a condemnation proceeding is not relevant and cannot be considered. We find no support in *Davis* for this proposition.

In *Davis*, the condemning authority initially deposited $45,885 with the district court for taking Davis's land. 480 N.W.2d

---

3. A breakdown of the total amount awarded by the district court is as follows: $32,100 in attorney fees, $15,296 in appraisal and ex-pert-witness fees, $2,836 for planning services, $2,766.25 for other appraisal fees, and $1,431.14 for miscellaneous litigation costs.

at 722. As the condemnation proceeded, the condemning authority deposited funds that brought the total deposited for Davis's benefit to $117,000. *Id.* Ultimately, a jury awarded Davis $134,325 for the property taken. *Id.* at 723. In relevant part, the North Dakota district court that reviewed the final award and determined the reasonableness of the damages awarded and the fees and expenses requested by Davis, reduced Davis's request for fees by more than one-half, partly because some of the fees were related to another case and partly because "the jury award was only $17,000 above the amount deposited by the condemnor, despite [Davis's] request for ... $118,000 over the deposit." *Id.* at 726 (emphasis omitted). The flaw that the North Dakota Supreme Court found with this reasoning is that the district court failed to use the condemnor's initial deposit in determining the difference between the amounts deposited and the final award and thereby ignored the fact that the actual result obtained by Davis was nearly $90,000 greater than the condemnor's initial deposit. *Id.* at 727.

The Johnstons rely on a statement in *Davis* that "Davis was entitled to have attorney's fees determined in light of the difference between the amount of the award and the initial deposit in order to measure the results obtained." *Id.* In context, it is plain that this quotation provides no support for the Johnstons' assertion that, as matter of law, the difference between a condemnee's request and the final award cannot be considered in the determination of the reasonableness of fees and expenses requested. We find no support for that proposition in *Davis.* In fact, the *Davis* opinion does not criticize the district court's reference to the difference between the result obtained and the amount requested. *Id.* And the Johnstons have not provided any other persuasive or binding authority for their argument that entitle-ment to fees and expenses under Minn. Stat. § 117.31(a) has any bearing at all on the determination of the reasonableness of fees claimed.

"[I]n determining an award of reasonable attorney fees, a district court is to consider all relevant circumstances." *Green v. BMW of N. Am., LLC,* 826 N.W.2d 530, 537 (Minn.2013) (holding that the damages sought and the damages actually recovered are necessarily related to the reasonableness of attorney fees). Statutory attorney fees should not produce windfalls to attorneys, and "[h]ours that are not properly billed to one's *client* are also not properly billed to one's *adversary* pursuant to statutory authority." *Id.* at 538–39 (quotation omitted).

We conclude that meeting the statutory threshold for an award of reasonable attorney fees and other related expenses in a condemnation matter does not, as a matter of law, preclude consideration of the amount involved and results obtained, including a comparison of the difference between damages sought and damages offered to the amount of the final award, as one factor for determining the reasonableness of attorney fees and related expenses. Whether there was sufficient evidence in the record to support such a comparison in this case, however, is a separate issue.

### III. The district court's factual findings relating to the unreasonableness of attorney fees and expenses claimed by the Johnstons are clearly erroneous because those findings are not supported by any evidence in the record.

The Johnstons argue that, because the county did not submit any *evidence* to challenge the evidence submitted by the Johnstons about the reasonableness of the fees and expenses they incurred in the

condemnation proceeding, there is no support in the record for the district court's factual findings that some of the fees incurred were unreasonable. We agree.

█ "[W]hat constitutes the reasonable value of the legal services is a question of fact to be determined by the evidence submitted, the facts disclosed by the record of the proceedings, and the court's own knowledge of the case." *Paulson,* 290 Minn. at 373, 188 N.W.2d at 426. In this case, the facts in the record before the district court consist of the commissioners' final award and evidence submitted by the Johnstons. The county urges this court to condone findings of fact based on assertions made in its memorandum of law, but offers no authority for the proposition that arguments and assertions in a memorandum of law constitute admissible evidence.

█ It is axiomatic that a district court's findings of fact must be supported by evidence in the record. *See* Minn. R. Civ. P. 52.01 (requiring district court to find facts when a case is tried to the court and stating that a district court's findings of fact "whether based on oral or documentary evidence shall not be set aside unless clearly erroneous"); *Fletcher v. St. Paul Pioneer Press,* 589 N.W.2d 96, 101 (Minn. 1999) ("If there is reasonable evidence to support the [district] court's findings of fact, a reviewing court should not disturb those findings."); *Quade & Sons Refrigeration, Inc. v. Minn. Mining & Mfg. Co.,* 510 N.W.2d 256, 260 (Minn.App.1994) (stating that a prima facie case is dispositive in absence of contrary evidence), *review denied* (Minn. Mar. 15, 1994). We agree with the Johnstons that Biersdorf's affidavit and attached exhibits established a prima facie case of the fees and expenses incurred and the reasonableness of those amounts. Because no evidence in the record supports the findings of fact relied on by the district court to reduce appraisal and expert-witness fees incurred by the Johnstons, those findings of fact are clearly erroneous, and there is nothing in the record to defeat the Johnstons' prima facie case of the reasonableness of the claimed attorney, appraisal, and expert-witness fees.

## DECISION

The Johnstons' entitlement under Minn. Stat. § 117.031(a) to an award of reasonable attorney fees, expenses, and costs in this eminent-domain proceeding does not preclude the district court from considering the amount involved and the results obtained, including a comparison of the difference between the damages sought and the damages offered to the amount finally awarded, as a factor in determining the reasonableness of fees, expenses, and costs claimed. But because there is no support in the record for the findings of fact that the district court relied on to conclude that the claimed attorney, appraisal, and expert-witness fees were unreasonable, we reverse the reduction of those fees and remand for entry of an amended award consistent with this opinion.

**Reversed and remanded.**