*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A14-0302**


State of Minnesota, by its
Commissioner of Transportation, petitioner,
Appellant,

vs.

Great River Resources, LLC,
Respondent,

Vermillion State Bank, et al.,
Respondents Below.


**Filed September 8, 2014**
**Affirmed**
**Halbrooks, Judge**


Washington County District Court
File No. 82-CV-09-7940

Lori Swanson, Attorney General, Richard L. Varco, Jr., Assistant Attorney General, St. Paul, Minnesota (for appellant)

Gary G. Fuchs, Elizabeth E. Rein, Hammargren & Meyer, P.A., Bloomington, Minnesota (for respondent Great River Resources, LLC)


        Considered and decided by Halbrooks, Presiding Judge; Ross, Judge; and Chutich,

Judge.

UNPUBLISHED OPINION

**HALBROOKS**, Judge

In this eminent-domain action, appellant argues that the district court's award of $25,055 in attorney fees is not "reasonable" under Minn. Stat. § 117.031(a) (2012). Appellant contends that respondent should have been awarded significantly less than that, based on the contingency fee agreement the parties adopted. Because the district court properly acted within its discretion, we affirm.

## FACTS

As part of a highway-construction project, appellant Minnesota Commissioner of Transportation (the state) acquired a commercial property in Washington County (the condemned property) through the exercise of its eminent-domain power. The condemned property was a marina owned by respondent Great River Resources, LLC. Great River obtained counsel to represent it and signed a fee agreement. In the fee agreement, Great River agreed that if the matter proceeded to a district court judgment, it would pay its counsel 33.33% of the difference between the judgment and the state's last compensation offer.

On or near October 30, 2009, the state sent Great River a letter offering $21,100 as compensation for the taking of Great River's property. No other offers were made. Great River rejected the state's October 2009 offer, and the matter proceeded to trial. The jury returned a verdict awarding Great River $41,000 for the property. Because the jury award was more than 40% greater than the state's last written offer of compensation, Great River is statutorily entitled to an award of reasonable attorney fees from the state

under Minn. Stat. § 117.031(a). Great River therefore moved the district court for $36,646 in attorney fees. The state opposed the motion arguing that because of Great River's fee agreement, its obligation was only 33.33% of the difference between the last written offer of compensation and the jury award. The state asked the district court to award Great River $6,626.70.

The district court awarded Great River $25,055 in attorney fees. In doing so, the district court relied heavily on the supreme court's recent ruling in *Cnty. of Dakota v. Cameron*, 839 N.W.2d 700 (Minn. 2013). The district court considered several factors in determining its award of "reasonable" attorney fees, including: (1) the time and labor required; (2) the nature and difficulty of the responsibility assumed; (3) the amount involved and the result obtained; (4) the fees customarily charged for similar legal services; (5) the experience, reputation, and ability of counsel; and (6) the fee arrangement existing between counsel and the client.

The district court found that Great River's attorney reasonably billed more than 105 hours in this matter and that because he "has been practicing law for over 30 years" his hourly rate of $275 per hour was reasonable. The district court also found that "[t]his was a complex case that involved a unique piece of land that had to be evaluated given [its] special characteristics" involving "several regulatory and zoning approvals." The district court found that Great River's attorney "is very knowledgeable about this area of law and extremely capable of handling a complex matter such as this." The district court also recognized the existence of a fee agreement in this matter, but determined that it was not determinative or controlling. This appeal follows.

3

**DECISION**

"We review an award of attorney fees for an abuse of discretion." *Cameron*, 839 N.W.2d at 711 (quotation omitted). Because the district court is most "familiar with all aspects of the action from its inception through [posttrial] motions," it is in the best position to evaluate the reasonableness of requested attorney fees. *See Anderson v. Hunter, Keith, Marshall & Co.*, 417 N.W.2d 619, 629 (Minn. 1988). Therefore, "[w]e will not set aside a district court's factual findings underlying an award of attorney fees unless they are clearly erroneous." *Cameron*, 839 N.W.2d at 711 (quotation omitted).

Under Minnesota law, a condemning authority is required to pay the landowner's attorney fees following an eminent-domain proceeding

> [i]f the final judgment or award for damages, as determined at any level in the eminent domain process, is more than 40 percent greater than the last written offer of compensation made by the condemning authority prior to the filing of the petition, the court shall award the owner reasonable attorney fees, litigation expenses, appraisal fees, other experts fees, and other related costs in addition to other compensation and fees authorized by this chapter.

Minn. Stat. § 117.031(a).

The term "reasonable attorney fees" is not defined by statute. But recently, our supreme court "conclude[d] that the lodestar approach governs the determination of the reasonableness of an award of attorney fees under Minn. Stat. § 117.031(a)." *Cameron*, 839 N.W.2d at 711. Under the lodestar method, a district court must first determine the number of hours reasonably expended on the litigation and multiply that number by a reasonable hourly rate. *Id.* The district court must then evaluate the overall

4

reasonableness of the award by considering: (1) the time and labor required; (2) the nature and difficulty of the responsibility assumed; (3) the amount involved and the results obtained; (4) the fees customarily charged for similar legal services; (5) the experience, reputation, and ability of counsel; and (6) the fee arrangement existing between counsel and the client. *Id.* (quoting *State v. Paulson*, 290 Minn. 371, 373, 188 N.W.2d 424, 426 (1971)).

The state does not dispute the district court's authority to award attorney fees in this case. But it challenges the amount awarded, arguing that an award of $25,055 is unreasonable because Great River signed a contract agreeing to pay counsel approximately $7,000, which represents 33.33% of the difference between the last offer of compensation and the judgment. The state contends that *Cameron* is not applicable here and that the lodestar approach is not reasonable when it exceeds the amount that the landowner contracted to pay its attorney. We disagree. In *Cameron*, the supreme court was asked to review the reasonableness of a fee award under Minn. Stat. § 117.031(a). 839 N.W.2d at 711. In doing so, it first determined the "threshold inquiry," which was what standard should be used in awarding attorney fees under section 117.031(a). *Id.* Looking to precedent, the supreme court noted that it had "consistently adopted the lodestar approach whenever a statute contain[ed] an explicit directive that an award of attorney fees must be reasonable." *Id.*

The state's reliance on a single lodestar factor is similar to an argument made in *Cameron*. In *Cameron*, the district court concluded that five of the lodestar factors favored Cameron's requested amount of attorney fees. *Id.* But the district court reduced

5

the award from $217,991.45 to $161,964.50 based on one factor—the "results obtained." *Id.* at 711-12. Cameron challenged the award, arguing that the "results obtained" factor is entitled to little weight under section 117.031(a). *Id.* at 712. The supreme court rejected this argument, noting that "the [district] court retained the discretion to evaluate the reasonableness of the award by considering all of the lodestar factors." *Id.* Here, the state asks that we reverse because one factor—the "fee arrangement" factor—is entitled to more weight than the other factors. We decline to do so. Under the lodestar approach, a party's fee arrangement with its counsel is only one of six factors to be considered by the district court. *See id.* at 711; *Paulson*, 290 Minn. at 373, 188 N.W.2d at 426.

In this case, the district court considered the "fee agreement" factor but placed little weight on it because it was merely "a way to manage th[e] risk" involved in this case. The district court placed greater weight on the other five lodestar factors and made findings associated with each one. It observed that the case required considerable time and labor and that Great River's attorney "had to vigorously pursue the claims for compensation at every step of the way which were subject to considerable risk and effort." It found that Great River's attorney reasonably billed 105 hours in this matter. The district court also found this to be "a complex case" because it "involved a unique piece of land that had to be evaluated given the special characteristics of the dredging and deposit system which was incorporated into the marina operation." There were also "several regulatory and zoning approvals" that had to be considered in the sale of this land. The district court found that Great River's attorney had practiced law for more than 30 years and "is very knowledgeable about this area of law and extremely capable of

6

handling a complex matter such as this." It further determined that Great River's attorney's rate at $275 per hour was reasonable and "probably on the low end of rates charged in similar litigation." The district court also looked at the results that Great River's counsel obtained, noting that because the matter went to trial Great River "did much better" than it would have if it had accepted the state's original offer.

Because the district court appropriately considered all of the relevant factors as set forth in *Cameron* and did not clearly err in determining the reasonable value of counsel's work, it acted within its discretion. We therefore affirm Great River's attorney-fee award.

**Affirmed.**