*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1909**

In the Matter of the Condemnation of Right-of-Way by Minnesota Power,
a divison of ALLETE, Inc., a Minnesota corporation,
Under and Across Certain Lands in Itasca County, Minnesota,
owned by Robert E.Ward; Affinity Plus Federal Credit Union;
and all persons or parties known or unknown claiming any
right, title, estate, liens or interest in the real estate set forth herein.

**Filed July 20, 2015
Affirmed
Bjorkman, Judge**

Itasca County District Court
File No. 31-CV-13-654

Gerald J. Brown, Victoria, Minnesota (for appellant Robert E. Ward)

Charles H. Andresen, Kimberly E. Brzezinski, Hanft Fride, P.A., Duluth, Minnesota (for
respondent Minnesota Power)

Considered and decided by Rodenberg, Presiding Judge; Stauber, Judge; and
Bjorkman, Judge.

## U N P U B L I S H E D   O P I N I O N

**BJORKMAN**, Judge

Appellant challenges the denial of attorney fees in this condemnation dispute,
arguing that the district court erred in deciding that the final damages award is not more
than 40 percent greater than respondent's last written offer.  We affirm.

**FACTS**

Respondent Minnesota Power sought to obtain a utility easement over a portion of appellant Robert Ward's real property. On December 4, 2012, Minnesota Power sent a letter by certified mail to Ward's business address, offering to purchase the easement for $44,000. Ward did not accept the offer. On March 1, 2013, Minnesota Power extended a written offer to purchase the easement for $65,000, again by certified mail to Ward's business address. The March 1 letter stated: "**In the event this offer is not accepted by noon on Tuesday, March 5, 2013, Minnesota Power will proceed with eminent domain proceedings.**" Ward did not respond to the offer. On March 6, Minnesota Power filed a petition seeking to condemn the easement. Minnesota Power obtained the easement, and Ward was ultimately awarded $70,000 as compensation for the taking.

Ward subsequently sought attorney fees under Minn. Stat. § 117.031(a) (2014), arguing that his compensation award was more than 40% greater than Minnesota Power's last written offer that he expressly rejected. The district court denied the motion. Ward appeals.

**D E C I S I O N**

We generally review a district court's decision on attorney fees for abuse of discretion. *Cnty. of Scott v. Johnston*, 841 N.W.2d 357, 361 (Minn. App. 2013). But when, as here, that decision turns on the interpretation of a statute, we review de novo. *See Ly v. Nystrom*, 615 N.W.2d 302, 307 (Minn. 2000).

Our objective in interpreting statutes is to ascertain and effectuate the intention of the legislature. Minn. Stat. § 645.16 (2014). We first determine whether the statute's

language is ambiguous. *Larson v. State*, 790 N.W.2d 700, 703 (Minn. 2010). A statute is ambiguous only if its language is subject to more than one reasonable interpretation. *Am. Family Ins. Grp. v. Schroedl*, 616 N.W.2d 273, 277 (Minn. 2000). When the language of a statute is unambiguous, we presume that it manifests legislative intent and apply its plain language without further construction. *Pfeiffer ex rel. Pfeiffer v. Allina Health Sys.*, 851 N.W.2d 626, 637 (Minn. App. 2014), *review denied* (Minn. Oct. 14, 2014).

A district court "shall" award a landowner reasonable attorney fees incurred in a condemnation action if "the final judgment or award for damages . . . is more than 40 percent greater than the last written offer of compensation made by the condemning authority prior to the filing of the petition." Minn. Stat. § 117.031(a).[1] The district court denied Ward's attorney-fee motion because his damage award was not 40% greater than Minnesota Power's March 1 offer of $65,000. Ward challenges the district court's interpretation of the phrase "last written offer."

Ward argues that this statutory language requires procedural fairness, which includes a requirement that the landowner has a reasonable amount of time to accept the offer before the condemnation petition is filed.[2] The statute plainly does not impose this requirement. Ward acknowledges as much by asking us to "graft[]" it onto the statute because the legislature "presumably intended" it. We decline to do so. Had the

---

[1] The district court "may" award reasonable attorney fees if the final damages award is between 20 and 40 percent greater than the last written offer—a circumstance undisputedly not presented here. *Id.*

[2] Ward suggests ten days, pointing to the civil procedure rule that an offer of settlement may not be revoked for that amount of time. Minn. R. Civ. P. 68.02(a).

legislature intended to incorporate Ward's proposed requirement, it could have said so. *See, e.g.*, Minn. Stat. § 117.036, subd. 2(a) (2014) (requiring condemning authority to provide landowner with a copy of appraisal at least 60 days before filing condemnation petition). We may not encroach upon the role of the legislature by adding words to an unambiguous statute. *Pfeiffer*, 851 N.W.2d at 638.

Moreover, Ward's procedural-fairness argument is based on faulty premises. Ward asserts that the filing of the petition was a "deadline" for acceptance of the offer and "cut off section 117.031 fees." But nothing in the statute or Minnesota Power's March 1 offer indicates that Ward was precluded from accepting the offer after Minnesota Power filed its eminent-domain petition.[3] To the contrary, the reference to the "last written offer . . . *prior to the filing of the petition*" implicitly recognizes that further offers may be exchanged even after the petition is filed. *See* Minn. Stat. § 117.031(a) (emphasis added). And the filing of the petition did not "cut off" attorney fees; it simply established the dollar amount to which the ultimate compensation award would be compared. Ward is not entitled to attorney fees because the comparison does not meet the 40% threshold.

Because the undisputed record indicates that Minnesota Power's last written offer to Ward before filing the petition was $65,000—only $5,000 less than the $70,000 he

---

[3] We observe that had Ward accepted the offer within the ten-day period he now advocates as reasonable, he would have saved approximately 17 months' worth of attorney fees, possibly obviating the need for an attorney-fee award.

was ultimately award—the district court did not err by concluding that Ward is not entitled to attorney fees under Minn. Stat. § 117.031(a).

**Affirmed.**