*This opinion is nonprecedential except as provided by
Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A23-0844**

State of Minnesota,
by its Commissioner of Transportation,
Respondent,

vs.

Richard R. Compart, et al.,
Respondents Below,

Compart's Boar Store, Inc., et al.,
Appellants.

**Filed April 8, 2024
Reversed and remanded
Larson, Judge**

Nicollet County District Court
File No. 52-CV-12-23

Keith Ellison, Attorney General, Erik M. Johnson, William Young, Assistant Attorneys General, St. Paul, Minnesota (for respondent commissioner)

Stuart T. Alger, Alger Property Law, PLLC, Minneapolis, Minnesota (for appellants Compart's Boar Store, Inc., et al.)

Considered and decided by Slieter, Presiding Judge; Larson, Judge; and Ede, Judge.

**NONPRECEDENTIAL OPINION**

**LARSON**, Judge

Following a condemnation proceeding, respondent Minnesota Department of Transportation (MnDOT) took title to approximately 12 acres of land appellants (the

Comparts)[1] previously owned. The district court appointed three commissioners who held a hearing to determine damages. The Comparts hired legal counsel and several experts to represent them at the hearing. Because the commissioners' final damages determination was more than 40% greater than MnDOT's last written offer prior to filing the condemnation petition, the Comparts moved the district court for "reasonable attorney fees, litigation expenses, appraisal fees, expert fees, and other related costs." *See* Minn. Stat. § 117.031(a) (2022). The district court granted the Comparts' motion in part, but did not award the full amount of fees, costs, and expenses requested. The Comparts appeal, arguing the district court abused its discretion in its calculation of appropriate fees, costs, and expenses. Because the district court abused its discretion when it misapplied the law as it relates to fees, costs, and expenses, we reverse and remand.

**FACTS**

In 2011, MnDOT determined that it needed to acquire approximately 12 acres of land (parcel 2) from a tract the Comparts owned in order to improve U.S. Highway 14.[2] In compliance with Minn. Stat. § 117.036 (2022), MnDOT hired an independent appraiser. On November 18, 2011, consistent with the appraiser's recommendation, MnDOT sent the Comparts a letter offering to pay $59,800 in compensation for taking parcel 2. The Comparts rejected MnDOT's offer, and MnDOT commenced condemnation proceedings.

---

[1] For ease of reference, appellants James A. Compart, Diana C. Compart, Dean M. Compart, Kaye L. Compart, Christian R. Compart, Rochelle R. Compart, and Compart's Boar Store, Inc., will be referred to collectively as the Comparts.
[2] Sometimes referred to as Trunk Highway 14.

On April 20, 2012, the district court issued an order granting MnDOT's condemnation petition and appointing three commissioners to determine the damages for the Comparts. In accordance with the "quick-take" procedure, *see* Minn. Stat. § 117.042 (2022), on May 9, 2012, MnDOT paid the Comparts $59,800 and took title and possession of parcel 2. At the time of the taking, the property was used exclusively for agriculture, and its zoning classification was "Agricultural Preservation."

A little over a year later, on June 24, 2013, the Comparts hired legal counsel to represent them in the condemnation proceeding. The Comparts also engaged appraisers to provide a damages appraisal and two development-planning experts to help prove damages caused by the taking.

On April 27, 2017, the Comparts sent MnDOT a letter offering to settle the matter for $587,000, based largely on parcel 2's "development potential." MnDOT responded on May 16, 2017, counteroffering with $150,000. MnDOT articulated its view that the Comparts' experts overvalued the land because parcel 2 was "outside the city limits and it [would] likely be many years before . . . the development . . . would be likely to occur."

Following unsuccessful settlement negotiations, and after several pandemic-related delays, the commissioners held a hearing on September 22-23, 2021. Prior to the hearing, the parties exchanged appraisal reports as required by Minn. Stat. § 117.036, subd. 4. MnDOT provided an updated appraisal report, which valued the damage to the Comparts at $96,600 as of May 9, 2012. The Comparts provided an appraisal, which valued condemnation damages at $673,500. Following the hearing, on October 22, 2021, the

3

commissioners made their report, awarding the Comparts $125,000 for parcel 2, and $0 for reasonable appraisal fees.

Because the $125,000 final award was more than 40% greater than MnDOT's last written offer prior to filing the condemnation petition ($59,800), the Comparts were entitled to "reasonable attorney fees, litigation expenses, appraisal fees, other experts fees, and other related costs in addition to other compensation and fees authorized by this chapter." *See* Minn. Stat. § 117.031(a). On July 11, 2022, the Comparts sent MnDOT a letter demanding $113,992.52 in attorney fees and $24,857.45 in costs, totaling $138,849.97. MnDOT declined, and the Comparts brought a motion for attorney fees and costs in the district court.

After a hearing, the district court issued its order granting the Comparts' motion in part, awarding $9,693.75 in attorney fees and $0 in litigation expenses, appraisal fees, other experts fees, and other related costs. This appeal follows.

**DECISION**

The Comparts argue that the district court erred in applying section 117.031(a) when it awarded $9,693.75 for attorney fees and $0 for litigation expenses, appraisal fees, other experts fees, and other related costs. We review a district court's award under section 117.031(a) for an abuse of discretion. *County of Dakota v. Cameron*, 839 N.W.2d 700, 710-11 (Minn. 2013). "A district court abuses its discretion when its decision is based on an erroneous view of the law or is against logic and the facts in the record." *State v. Tapper*, 993 N.W.2d 432, 437 (Minn. 2023) (quoting *State v. Vangrevenhof*, 941 N.W.2d 730, 736 (Minn. 2020)).

## I.

We first address the Comparts' argument that the district court abused its discretion when it awarded $9,693.75 in attorney fees. In condemnation proceedings, "[i]f the final judgment or award for damages . . . is more than 40 percent greater than [MnDOT's] last written offer" prior to filing the condemnation petition, as it was in this case, "the court shall award the owner reasonable attorney fees." Minn. Stat. § 117.031(a).

The Minnesota Supreme Court adopted the lodestar method to determine reasonable attorney fees under section 117.031(a). *Cameron*, 839 N.W.2d at 711. "The lodestar method first requires a district court to determine the number of hours reasonably expended on the litigation and multiply that number by a reasonable hourly rate." *Id.* (quotations omitted). The district "court must consider 'all relevant circumstances' when evaluating the reasonableness of the hours expended" and the hourly rate applied. *Id.* (quoting *State v. Paulson*, 188 N.W.2d 424, 426 (Minn. 1971)). But multiplying the reasonable hours expended by a reasonable rate does not end the inquiry. *See id.* The district court must then evaluate "the overall reasonableness of the award" and may adjust the award after "considering such factors as 'the time and labor required; the nature and difficulty of the responsibility assumed; the amount involved and the results obtained; the fees customarily charged for similar legal services; the experience, reputation, and ability of counsel; and the fee arrangement existing between counsel and the client.'" *Id.* (quoting *Paulson*, 188 N.W.2d at 426).

Here, the district court evaluated "what work performed in this case was useful/appropriate." The district court found the Comparts' valuation theory "was not

particularly well-founded," and therefore it would be inappropriate to reimburse the fees accrued in pursuing that theory. But to reduce the attorney fees based on this finding, the district court did not review the Comparts' attorney's invoices to eliminate specific hours, reduce the overall award to account for limited success, or conduct an analysis of the hours reasonably expended on the litigation that did not pertain to the valuation theory. *See, e.g.*, *Cameron*, 839 N.W.2d at 711. Instead, the district court picked May 16, 2017, the date MnDOT offered the Comparts $150,000 to settle their claim, as a cutoff, and summarily decided that all work performed after that date was not reasonably expended. The district court did so while acknowledging that it would be inappropriate to measure the Comparts' success against MnDOT's settlement offer.

The Comparts argue the district court abused its discretion for three reasons. First, the Comparts assert the district court improperly relied on settlement discussions in assessing the validity of their attorney-fees claim, in violation of Minn. R. Evid. 408.[3] Second, the Comparts contend the district court's use of settlement communications to limit the attorney-fees award was inconsistent with the lodestar analysis. Third, the Comparts argue the district court's conclusion that the Comparts' valuation theory was not well-founded is inconsistent with the facts in the record.

We agree with the Comparts that the district court's use of MnDOT's May 16, 2017 settlement offer to limit the attorney-fees award was inconsistent with the lodestar method.

---

[3] Because we determine the district court did not appropriately apply the lodestar method, we do not reach the broader issue of whether a district court violates rule 408 when it considers settlement negotiations when assessing a claim for attorney fees.

While the district court agreed with the Comparts that it would be inappropriate to measure their success against MnDOT's May 16, 2017 settlement offer, it appears to have done just that. Without the settlement offer, we can discern no basis to find *all* hours billed after that date were unreasonably expended. Specifically, the district court failed to explain its reason for discounting all hours after May 16, 2017, rather than focusing on the hours spent pursuing the valuation theory. Thus, the effect of the district court's order was to penalize the Comparts for pursuing their right to a hearing to determine damages.

Here, the record shows the Comparts' counsel expended time rebutting MnDOT's initial $59,800 damages valuation set forth in the 2011 appraisal to good effect, as evidenced by the commissioners' $125,000 damages award. While the Comparts' competing valuation theory may have lacked merit,[4] it does not necessarily follow that *all* attorney time spent after MnDOT's May 16, 2017 settlement offer was unreasonably expended. Certainly, the Comparts' attorney spent time preparing to rebut MnDOT's valuation theory, as MnDOT asked the commissioners to value parcel 2 at $96,600 based on its updated 2021 appraisal. This is precisely why the lodestar method requires a critical evaluation of the time an attorney spent on the whole litigation. *See Cameron*, 839 N.W.2d at 711 (quoting *Hensley*, 461 U.S. at 436-37).

Because we conclude that the district court did not appropriately apply the lodestar method when it decided all work performed after MnDOT's May 16, 2017 settlement offer

---

[4] Because we reverse and remand for the district court to reevaluate the attorney-fees award under the lodestar method, we express no opinion on the district court's findings with respect to the valuation theory.

7

was not reasonably expended, we reverse the attorney-fees award and remand to the district court to conduct a new lodestar analysis consistent with this opinion.

## II.

We next address the Comparts' argument that the district court abused its discretion when it awarded $0 in litigation costs, fees, and expenses. As described above, under section 117.031(a), "[i]f the final judgment or award for damages" in a condemnation proceeding "is more than 40 percent greater than [MnDOT's] last written offer" prior to filing the condemnation petition, as it was here, "the court *shall* award the owner reasonable . . . litigation expenses, appraisal fees, other experts fees, and other related costs." (Emphasis added.)

To support its $0 award, the district court made one finding: "As to costs, fees and expenses, the commissioners awarded the Comparts nothing. The Court does not now see any reason to overrule the commissioners on that point. The Comparts chose not to appeal the commissioners' decision." We conclude that the district court abused its discretion when it made this determination for two reasons.

First, Minn. Stat. § 117.085 (2022) authorizes the commissioners to award appraisal fees, while section 117.031(a) guides the district court's decision to award "litigation expenses, appraisal fees, other experts fees, and other related costs." There are several important differences between the two sections. To begin, section 117.085 is permissive, whereas section 117.031(a) is mandatory. *Compare* Minn. Stat. § 117.085 ("The commissioners . . . may in their discretion allow . . . reasonable appraisal fees . . . ."), *with* Minn. Stat. § 117.031(a) ("[T]he court shall award the owner reasonable . . . litigation

8

expenses, appraisal fees, other experts fees, and other related costs . . . .").  *See generally* Minn. Stat. § 645.44, subd. 15 ("'May' is permissive."), subd. 16 ("'Shall' is mandatory.") (2022).  Further, section 117.085 only provides for the award of appraisal fees, while section 117.031(a) provides for the award of litigation expenses, other experts fees, and other related costs in addition to appraisal fees.  Finally, the commissioners' appraisal-fee award cannot exceed $1,500 or $5,000, depending on the type of property at issue.  Section 117.031(a) places no such limitation on the district court.  It was therefore improper for the district court to rest its decision solely on the commissioners' decision not to award appraisal fees.

Second, the record shows that at least some of the Comparts' litigation expenses, appraisal fees, other experts fees, and other related costs were incurred to rebut MnDOT's valuation theory.  Yet, the district court failed to analyze the Comparts' costs, fees, and expenses to determine which were reasonably incurred.  While the district court may have determined that the Comparts' valuation theory was without merit, and therefore any experts fees incurred in presenting that theory were not reasonable, it does not necessarily follow that *all* of the Comparts' "*litigation expenses*, appraisal fees, *other experts fees*, and *other related costs*" were not reasonably incurred.  *See* Minn. Stat. § 117.031(a) (emphasis added).  Thus, we conclude the district court abused its discretion, and we reverse its decision to award $0 in "litigation expenses, appraisal fees, other experts fees, and other related costs." *See id.*  We remand to the district court for reconsideration of the fee petition consistent with this opinion.

**Reversed and remanded.**