LILLEHAUG, Justice.
The sole issue in this condemnation case is the award of statutory attorney fees. The district court awarded $168,009.12 in attorney fees to the landowner under the *32 condemnation fee-shifting statute, Minn. Stat. § 117.031(a) (2018). The court of appeals reversed. Comm'r of Transp . v. Krause , No. A17-1362, 2018 WL 2187043 (Minn. App. May 14, 2018). We granted review to decide whether the award was reasonable under the lodestar method. Because the district court misinterpreted and misapplied our lodestar precedent, we affirm the decision of the court of appeals and remand to the district court to recalculate the attorney-fee award.
FACTS
The facts in this case are not in dispute. In 2008, the Minnesota Department of Transportation (the State) condemned approximately 44 acres of appellant Douglas Smith's property. The State offered to compensate Smith in the amount of $361,200. Smith rejected the offer. In July 2015, an updated appraisal that the State obtained concluded that the property was worth $1,081,000. Two months later, Smith accepted an award in the amount of the updated appraisal and the condemnation case settled.
Pursuant to Minn. Stat. § 117.031(a), Smith moved for $168,009.12 in attorney fees, the amount that he had paid to his counsel under a "hybrid" fee agreement. The hybrid fee consisted of a reduced hourly rate (half of counsel's normal hourly rate), plus a contingency fee of 16.5 percent of the total amount received over the State's last offer.
Using the lodestar method, the district court awarded Smith the amount that he requested: $168,009.12 for 82 hours of work by Smith's counsel, or over $2,000 per hour. The record shows that counsel's regular hourly rate was $350 to $430. Although not the "controlling factor," one factor the district court considered was the contingent-fee agreement: "[T]he fee agreement is a good indication of the risk for the attorney when taking a condemnation case." The court opined that the landowner had "paid what he considers to be fair market value for the services rendered by" his attorney. In addition to the contingent-fee agreement, the court considered the factors of: "the hours reasonably expended and the reasonable hourly rate; the time and labor required; the nature and difficulty of the responsibility assumed; the amount involved and the results obtained; the fees customarily charged for similar legal services; and the experience, reputation, and ability of counsel."
The State appealed. In an unpublished decision, the court of appeals reversed the award because the district court failed to begin its calculation with the presumptive lodestar amount of $34,133, which is the product of a reasonable hourly rate multiplied by the number of hours reasonably expended. Comm'r of Transp. , 2018 WL 2187043, at *1. The court of appeals also held that the district court did not sufficiently explain why enhancing the presumptive lodestar amount by more than $130,000 would represent a reasonable fee. Id. at *3.
We granted Smith's petition for review.
ANALYSIS
There are two issues before us. The first is whether the district court used the wrong method to calculate the attorney fees awarded in this condemnation action. Specifically, was it proper for the district court to enhance the award based on the existence of a contingent-fee agreement? The second is whether the district court abused its discretion by making insufficient factual findings to support its award of attorney fees.
The proper method to calculate an award of attorney fees is a question of law that we review de novo.
*33 Faricy Law Firm, P.A. v. API, Inc. Asbestos Settlement Trust , 912 N.W.2d 652, 657 (Minn. 2018). Once the method is established, we review the reasonableness of a particular award for an abuse of discretion. Cty. of Dakota v. Cameron , 839 N.W.2d 700, 711 (Minn. 2013).
I.
Based on a framework established by the United States Supreme Court, we have adopted and applied the "lodestar" method in cases involving a statutory award of attorney fees. The Supreme Court first articulated the lodestar method in Hensley v. Eckerhart , 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). The first step, the Court explained, is to calculate the initial lodestar amount by multiplying the reasonable number of hours expended by a reasonable hourly rate. Id. at 433, 103 S.Ct. 1933. Then, other considerations may lead the district court to enhance or decrease the lodestar amount, although "many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." Id. at 434 & n.9, 103 S.Ct. 1933.
In Blum v. Stenson , 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984), the Court elaborated on the enhancement of lodestar amounts. The Court held that the district court had improperly enhanced the lodestar amount by 50 percent when it considered factors that it had already used in calculating the lodestar amount. Id. at 898-901, 104 S.Ct. 1541 ; see Hensley , 461 U.S. at 434 n.9, 103 S.Ct. 1933. Two years after Blum , the Court reemphasized, in Pennsylvania v. Delaware Valley Citizens' Council for Clean Air , 478 U.S. 546, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986), that enhancements may not be based on factors already considered in calculating the initial lodestar amount. Id. at 565-68, 106 S.Ct. 3088.
As relevant here, the Court has said clearly that the risk of loss and contingency of success-in other words, the contingency feature of a contingent-fee agreement-is not a proper basis for an enhancement. In City of Burlington v. Dague , 505 U.S. 557, 112 S.Ct. 2638, 120 L.Ed.2d 449 (1992), the Court held that an "enhancement [of attorney fees] for contingency is not permitted" under the lodestar method. Id. at 567, 112 S.Ct. 2638. Holding otherwise, the Court stated, "would likely duplicate in substantial part facts already subsumed in the lodestar" and that "[t]aking account of it again through lodestar enhancement amounts to double counting." Id. at 562-63, 112 S.Ct. 2638.
The message of these Supreme Court cases is clear: a contingent-fee agreement may not be used to justify a lodestar enhancement. We turn now to the question of whether our case law, by contrast, would support such an enhancement.
We adopted the lodestar method three years after Hensley in Specialized Tours, Inc. v. Hagen , 392 N.W.2d 520, 542-43 (Minn. 1986), a securities case. We followed Hensley and Specialized Tours in Anderson v. Hunter, Keith, Marshall & Co. , 417 N.W.2d 619, 628-30 (Minn. 1988), an employment case. In Milner v. Farmers Insurance Exchange , 748 N.W.2d 608 (Minn. 2008), a Minnesota Fair Labor Standards Act case, we elaborated on the lodestar method and explained that we consider the "results obtained" in the initial lodestar calculation, not in determining whether an enhancement is warranted. Id. at 622 n.11. And in Green v. BMW of North America, LLC , 826 N.W.2d 530 (Minn. 2013), we held that "the amount involved and the results obtained" must be addressed in the initial lodestar calculation when determining the reasonable number of hours expended. Id. at 539.
*34 In Cameron , we applied our line of lodestar case law to condemnation awards. 839 N.W.2d at 711. We considered an award under Minn. Stat. § 117.031(a) -the same statute at issue in this appeal-which provides that when "the final judgment or award for damages" in a condemnation case is "more than 40 percent greater than the last written offer of compensation made by the condemning authority prior to the filing of the petition, the court shall award the owner reasonable attorney fees" and other costs and expenses. Id. at 710-11 (quoting Minn. Stat. § 117.031(a) ). In Cameron , the district court awarded $161,964.50 in attorney fees, which it had reduced from the $217,991.45 requested by Cameron for the amount that he owed to counsel under the fee agreement. Id. at 711. The district court did not explicitly use the lodestar method to calculate Cameron's fee award, although it did discuss the various lodestar factors. See id. at 711-12 ; Cty. of Dakota v. Cameron , 812 N.W.2d 851, 865-66 (Minn. App. 2012).
On appeal, we held for the first time that the lodestar method governs an award of reasonable attorney fees in a condemnation case. Cameron , 839 N.W.2d at 711. We said that the first step of the lodestar method is to determine the number of hours that were reasonably expended on the litigation, and then multiply that number by a reasonable hourly rate. Id. In doing so, the district court "must consider 'all relevant circumstances' when evaluating the reasonableness of the hours expended by attorneys and their hourly rates." Id. (quoting State v. Paulson , 290 Minn. 371, 188 N.W.2d 424, 426 (1971) ). The district court evaluates whether the lodestar amount is reasonable "by considering such factors as 'the time and labor required; the nature and difficulty of the responsibility assumed; the amount involved and the results obtained; the fees customarily charged for similar legal services; the experience, reputation, and ability of counsel; and the fee arrangement existing between counsel and the client.' " Id. (quoting Paulson , 188 N.W.2d at 426 ). We held that the district court did not abuse its discretion in awarding less than requested "to account for" Cameron's "limited success." Id. at 712 (quoting Hensley , 461 U.S. at 436-37, 103 S.Ct. 1933 ).
With this precedent in mind and turning now to the circumstances of this case, Smith acknowledges that, under current Supreme Court law, an enhancement based on a contingent-fee agreement would be improper. But, he argues, our decision in Cameron allows it. Because our lodestar method is different, Smith asserts, the district court properly enhanced the lodestar amount by considering, among other factors, his contingent-fee agreement with counsel.
We do not read Cameron as creating or recognizing any lodestar method different than the Supreme Court's. Our own line of case law, from Specialized Tours to Cameron , is generally consistent with the Supreme Court's method.
Here, we continue to align the lodestar method as applied in our cases with the federal method. We decline to allow the contingency-fee-based enhancement for which Smith advocates. We agree with the Supreme Court's holding in Dague that the lodestar amount may not be enhanced for the risk of non-recovery inherent in a contingent-fee agreement. See Dague , 505 U.S. at 567, 112 S.Ct. 2638. To do so would duplicate the consideration of the fee agreement existing between counsel and the client, which is one factor to be considered in determining the reasonable hourly rate that is used to calculate the lodestar amount. Duplicate consideration of any factor would produce an inappropriate windfall. See Green , 826 N.W.2d at 538 *35 (noting that awards "should 'not produce windfalls to attorneys' " (quoting Hensley , 461 U.S. at 430 n.4, 103 S.Ct. 1933 )); see also Milner , 748 N.W.2d at 624 (stating that the factors "reflected in the lodestar amount ... should not be used again in determining whether a multiplier is warranted").
II.
Having clarified the lodestar method as applied to cases involving contingent-fee agreements, we now consider whether the district court correctly applied the law and made adequate factual findings to support its enhanced attorney-fee award. "When the reasonableness of the requested attorney fees is challenged, the district court must provide a concise but clear explanation of its reasons for the fee award." Milner , 748 N.W.2d at 621 (citations omitted) (internal quotation marks omitted). An enhancement requires more, however, and "must be supported by specific evidence in the record and detailed findings by the district court." Id. at 624.
Here, the district court did not make adequate findings on either the lodestar amount or the enhancement. As the court of appeals correctly noted, the district court's order failed to determine the presumptive lodestar amount. Comm'r of Transp. , 2018 WL 2187043, at *3.[1] Further, in deciding to award an enhancement, the district court incorrectly gave weight to the contingent-fee agreement. Factors other than the contingent-fee agreement were listed with no explanation. Nothing in the district court's order justifies an award of over $2,000 per hour.[2]
Accordingly, we remand this case to the district court to recalculate Smith's attorney-fee award. The district court should start with "a concise but clear explanation" of the lodestar amount, calculated as the product of the number of hours reasonably expended on the litigation times the reasonable hourly rate. Milner , 748 N.W.2d at 621 (citations omitted) (internal quotation marks omitted). "There is a strong presumption that the lodestar amount represents a reasonable fee." Id . at 624 (citation omitted). If an enhancement of this amount (with no double-counting) is justified, the district court should explain its analysis by referring to "specific evidence in the record" and making "detailed findings." Id .
CONCLUSION
For the foregoing reasons, we affirm the decision of the court of appeals and remand to the district court for proceedings consistent with this opinion.
Affirmed.

At oral argument, the parties agreed that the presumptive amount was approximately $34,000.

Smith's counsel is an experienced attorney highly regarded in the condemnation bar. He conceded at oral argument that his representation was not the reason that Smith was ultimately compensated $700,000 more than the State's initial offer. Smith's compensation increased because the State chose to re-appraise the condemned property.