STATE OF MINNESOTA

IN SUPREME COURT

A23-0036

Court of Appeals                                                          McKeig, J.
                                                        Took no part, Hennesy, J.

State of Minnesota,
by its Commissioner of Transportation,

                 Appellant,

vs.                                                              Filed:  June 20, 2024
                                                        Office of Appellate Courts
David J. Schaffer, et al.,

                 Respondents Below,

Joseph Hamlin,

                 Respondent.

_____

Keith Ellison, Attorney General, William Young, Assistant Attorney General, Saint Paul, Minnesota, for appellant.

Stuart T. Alger, Alger Property Law, P.L.L.C., Minneapolis, Minnesota, for respondent.

Douglas P. Seaton, James V.F. Dickey, Golden Valley, Minnesota, for amicus curiae The Forum for Constitutional Rights.

Joseph G. Marek, Assistant County Attorney, Dakota County Attorney's Office, Hastings, Minnesota, for amici curiae Minnesota County Attorneys Association and Minnesota Eminent Domain Counsel Association.

Leland J. Frankman, Harry A. Frankman, Frankman Law Offices, Minneapolis, Minnesota; and

Bradley J. Gunn, Malkerson Gunn Martin LLP, Minneapolis, Minnesota; and

1

Jon W. Morphew, Morphew Law Office, P.L.L.C., Minneapolis, Minnesota, for amicus curiae Minnesota Eminent Domain Institute.

_____

S Y L L A B U S

An award of "reasonable attorney fees" under Minn. Stat. § 117.031(a) (2022) is determined by the lodestar method and thus is not limited to the amount owed pursuant to an attorney fee agreement.

Affirmed.

O P I N I O N

McKEIG, Justice.

The issue for decision is whether attorney fees awarded under Minnesota Statutes section 117.031(a) (2022), are capped at the amount set in a contingent fee agreement between the landowner and the landowner's attorney. When a landowner in an eminent domain proceeding is awarded just compensation in an amount over 40 percent greater than was offered by the government entity condemning their property, the landowner is entitled to an additional award of "reasonable attorney fees." *See* Minn. Stat. § 117.031(a). Here, Joseph Hamlin was awarded attorney fees after the State of Minnesota, through the Department of Transportation, ("MnDOT") took possession of some of Hamlin's property using the "quick take" provision of Minnesota eminent domain law. *See* Minn. Stat. § 117.042 (2022). The attorney fees award under eminent domain procedures exceeded the amount Hamlin owed his attorney under a contingent fee agreement. MnDOT argues an award of "reasonable attorney fees" cannot exceed the amount owed to the landowner's attorney in a contingent fee agreement, while Hamlin claims an award of "reasonable

2

attorney fees" in an eminent domain dispute is any amount calculated by the lodestar method we applied to section 117.031(a) in *County of Dakota v. Cameron*, 839 N.W.2d 700, 711 (Minn. 2013).

We reiterate what we held in *Cameron*: the phrase "reasonable attorney fees" in section 117.031(a) refers to attorney fees calculated by the lodestar method, and thus we hold an award of reasonable attorney fees is not capped by a contingent fee agreement.

**FACTS**

In 2018, MnDOT condemned a portion of Hamlin's property and offered him $43,000 in compensation. Hamlin refused this offer, and MnDOT seized the property under the "quick-take" procedure in Minn. Stat. § 117.042.[1] A court-appointed panel of

---

[1] The quick take procedure is as follows:

Whenever the petitioner shall require title and possession of all or part of the owner's property prior to the filing of an award by the court appointed commissioners, the petitioner shall, at least 90 days prior to the date on which possession is to be taken, notify the owner of the intent to possess by notice served by certified mail and before taking title and possession shall pay to the owner or deposit with the court an amount equal to petitioner's approved appraisal of value. Amounts deposited with the court shall be paid out under the direction of the court. If it is deemed necessary to deposit the above amount with the court the petitioner may apply to the court for an order transferring title and possession of the property or properties involved from the owner to the petitioner. In all other cases, petitioner has the right to the title and possession after the filing of the award by the court appointed commissioners as follows:

(1) if appeal is waived by the parties upon payment of the award;

(2) if appeal is not waived by the parties upon payment or deposit of three-fourths of the award. The amount deposited shall be deposited by the court administrator in an interest bearing

account no later than the business day next following the day on which the amount was deposited with the court. All interest credited to the amount deposited from the date of deposit shall be paid to the ultimate recipient of the amount deposited.

3

condemnation commissioners heard the valuation dispute and awarded Hamlin $92,000 as just compensation. Because the just compensation award was more than 40 percent of MnDOT's final offer, Hamlin was entitled to an award of attorney fees under section 117.031(a).

When MnDOT refused to pay the full amount of attorney fees claimed by Hamlin, Hamlin sought to recover $177,433.50 in attorney fees in district court. According to a contingent fee agreement, Hamlin owed his attorney $16,333.33. The district court applied the lodestar method and awarded Hamlin $63,228 in attorney fees. MnDOT appealed, arguing that the word "reasonable" in section 117.031(a) means the amount owed in the contingent fee agreement should set a maximum limit, or cap, on the attorney fees awarded. The court of appeals affirmed in a precedential opinion, holding that "[t]he general term, 'reasonable,' does not expressly limit the amount based on any [existing] agreement between the landowner and his attorney, and caselaw has defined 'reasonable attorney fees' in section 117.031(a) to mean reasonable as calculated under the lodestar method." *State by Comm'r of Transp. v. Schaffer*, 995 N.W.2d 177, 181 (Minn. App. 2023). MnDOT appealed, and we granted review.

## ANALYSIS

In this case we must resolve the question of whether attorney fee awards under section 117.031(a) are limited to the amount owed in a contingent fee agreement. The

---

Nothing in this section shall limit rights granted in section 117.155. Minn. Stat. § 117.042.

proper method of calculating attorney fees is a question of law we review de novo. *State v. Krause*, 925 N.W.2d 30, 32 (Minn. 2019).

Section 117.031(a), reads:

> If the final judgment or award for damages, as determined at any level in the eminent domain process, is more than 40 percent greater than the last written offer of compensation made by the condemning authority prior to the filing of the petition, *the court shall award the owner reasonable attorney fees, litigation expenses, appraisal fees, other experts fees, and other related costs in addition to other compensation and fees authorized by this chapter.*

Minn. Stat. § 117.031(a) (emphasis added). MnDOT's central argument is that the word "reasonable" limits an attorney fee award to the amount owed to the attorney in a fee agreement.[2] We disagree.

We already defined the phrase "reasonable attorney fees" as it is used in section 171.031(a) in *Cameron*, 839 N.W.2d at 711, so we decline to apply MnDOT's dictionary definitions of the word "reasonable" to interpret section 117.031(a). *See State v. Anderson*, 666 N.W.2d 696, 700 (Minn. 2003) ("We have recognized that when the legislature does not amend our construction of a statute, the court's construction stands."). In *Cameron*, "we conclude[d] that the lodestar approach governs the determination of the reasonableness of an award of attorney fees under Minn. Stat. § 117.031(a)." 839 N.W.2d at 711. The

---

[2] MnDOT also argues that the modifier "reasonable" applies to all the types of fees listed in the statute; thus, because appraisal and expert fees are limited to reimbursement, attorney fees must also be limited to reimbursement. *See* Minn. Stat. § 117.031(a) ( "[T]he court shall award the owner reasonable attorney fees, litigation expenses, appraisal fees, other experts fees, and other related costs . . . ."). But we differentiated "reasonable attorney fees" from all other professional fees when we applied the lodestar method in *Cameron*. *See* 839 N.W.2d at 711. Accordingly, no matter whether or how the word "reasonable" impacts the other fees listed, "reasonable attorney fees" means attorney fees calculated by the lodestar method.

lodestar method is a two-part inquiry: (1) the court "determine[s] the number of hours reasonably expended on the litigation and multipl[ies] that number by a reasonable hourly rate," and then (2) the court "evaluates the overall reasonableness of the award by considering such factors as the time and labor required; the nature and difficulty of the responsibility assumed; the amount involved and the results obtained; the fees customarily charged for similar legal services; the experience, reputation, and ability of counsel; and *the fee arrangement existing between counsel and the client*." *Id.* (emphasis added) (internal quotation marks omitted) (citing the factors listed in *State v. Paulson*, 188 N.W.2d 424, 426 (Minn. 1971); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (developing what would later be known as the "lodestar method.").

Because the district court, consistent with *Cameron*, applied the lodestar method to award Hamlin $63,228 in attorney fees, and the district court's lodestar findings are undisputed,[3] the award is reasonable under section 117.031(a).

Although the district court's findings applying the lodestar method here were not challenged, we observe that applying the lodestar method does not require the district court to disregard the contingent fee agreement. Rather, one of the factors for the court to

---

[3] The court of appeals held that MnDOT conceded the district court's lodestar findings were accurate because it failed to address the issue in its brief or at oral argument. *Schaffer*, 995 N.W.2d at 184 ("MnDOT accepts as appropriate the district court's finding that $325 was a reasonable hourly rate and its implicit finding that 194.5 hours was a reasonable amount of time for Hamlin's counsel's work on the case, resulting in its $63,228 award."). Therefore, we declined to grant review on the district court's lodestar findings, instead accepting the court of appeal's holding on that issue. *State by Comm'r of Transp. v. Schaffer*, No. A23-0036, Order at 1 (Minn. filed Nov. 14, 2023).

consider in the second part of the lodestar method inquiry is " 'the fee arrangement existing between counsel and the client.' " *Cameron*, 839 N.W.2d at 711 (quoting *State by Head v. Paulson*, 188 N.W.2d 424, 426 (Minn. 1971)). Importantly, however, it is to be just one factor.

The lodestar method does not prioritize one factor over any of the others, particularly not contingent fee agreements. *Krause*, 925 N.W.2d at 34 ("[T]he lodestar amount may not be enhanced for the risk of non-recovery inherent in a contingent-fee agreement . . . To do so would duplicate the consideration of the fee agreement existing between counsel and the client, which is one factor to be considered in determining the reasonable hourly rate that is used to calculate the lodestar amount."); *see also Paulson*, 188 N.W.2d at 426 (holding that fee agreements are not the controlling factor in calculating attorney fees under Minn. Stat. § 117.16); *City of Minnetonka v. Carlson*, 298 N.W.2d 763, 767 (Minn. 1980) (affirming the district court's fee award under Minn. Stat. § 117.195 because it did not prioritize the contingent fee agreement over the other *Paulson* factors). The lodestar method already requires the district court to weigh fee agreements among other factors. *Cameron*, 839 N.W.2d at 711. To use a fee agreement as a cap on fees awarded would contravene the lodestar method by giving double weight to the fee agreement factor. As we explained in *Krause*, "[d]uplicate consideration of any factor would produce an inappropriate windfall." 925 N.W.2d at 34.

MnDOT further argues that attorney fee awards must be limited to the amount the owner actually owes their attorney because the award is granted to "the owner." But awarding attorney fees to "the owner" in no way limits the award to reimbursement costs.

7

Rather, granting the award to the owner simply establishes the owner as the recipient of the attorney fee award. The statute does not include any language limiting the reasonable attorney fee award to only the amount owed to the attorney by the owner. *See* Minn. Stat. § 117.031(a). Other provisions in Chapter 117, such as Minn. Stat. § 117.045, are explicitly limited to "reimbursement." Had the Legislature intended to so limit section 117.031(a), it could have included the word "reimbursement."

In summary, a landowner's fee agreement with their attorney does not cap an award of attorney fees because "reasonable attorney fees" under section 117.031(a) means attorney fees calculated using the lodestar method. *Cameron*, 839 N.W.2d at 711. Because "reasonable attorney fees" awarded under Minn. Stat. § 117.031(a) are attorney fees calculated using the lodestar method, the district court properly applied the lodestar method in calculating the award of attorney fees.

## CONCLUSION

For the foregoing reasons, we affirm the decision of the court of appeals.

Affirmed.


HENNESY, J., not having been a member of this court at the time of submission, took no part in the consideration or decision of this case.